### F. R. DUNLAP v. THE STATE.

#### No. 3621.   Decided December 19, 1906.

#### 1.—Arson—Variance——Ownership.

Where upon trial for arson the ownership was alleged in the person who held title to the property, and the evidence showed that the building was occupied for school purposes; that the said owner was president of the board of trustees but did not live in the county of the prosecution; that the defendant occupied one of the rooms of the building and had some personal property therein, and that a third party was the president of the college; and that appellant was one of the teachers and vice president of the school. Held, that the indictment sufficiently alleged ownership and that there was no variance.

#### 2.—Same—Evidence—Motive—Evidence.

Where upon trial for arson, the State to show motive introduced evidence of an insurance policy defendant had on some of his personal effects situated in the building; whereupon defendant offered testimony of profits derived from keeping boarders, tuition and his salary as teacher amounting to $100 per month, which the court excluded. Held that defendant's testimony should have been admitted.

#### 3.—Same—Credibility of Witness.

On a trial for arson where the reputation of defendant's witness was attacked for truth and honesty as a good law abiding citizen, the court should have admitted testimony in rebuttal; however, the purpose of the testimony was not stated in appellant's bill of exceptions and therefore cannot be considered.

#### 4.—Same—Contradictory Statement of Witness—General Reputation.

Where upon trial for arson the State introduced testimony with reference to a conversation between witness and defendant in regard to an insurance policy, which conversation was contradicted by the testimony of defendant and his wife, and the State also introduced contradictory statements of defendant made on examining trial, it was error to exclude testimony offered by defendant to prove his reputation for truth and veracity.

#### 5.—Same—Charge of Court—Extrajudicial Verbal Confession.

Upon a trial for arson where the evidence did not show defendant's guilty connection with the burning except his statement to a State's witness not to tell on him; and the further fact that defendant had an insurance policy and some goods in the burned building, and that he lived not far from the same, the court should have charged that extrajudicial confessions alone are not sufficient to convict.

#### 6.—Same—Charge of Court—Confession—Alibi.

Where upon a trial for arson the State introduced testimony that appellant had asked State's witness not to tell on him, which confession the defend-

ant denied, and proved an uncontradicted alibi, the jury should have been instructed that before they could consider said confession as a fact against defendant, they must find it to be true beyond a reasonable doubt.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Riddle & Keith, Estes & Douglass* and *Jno. J. Hiner,* for appellant. —On question of variance in ownership: Mulligan v. State, 25 Texas Crim. App., 199; 2 Bishop's New Crim. Proc., sec. 36, subdivision 1 & 2; Kelley v. State, 70 S. W. Rep., 20. On question of general reputation: Swain v. State, 86 S. W. Rep., 335.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of ownership: Gutgesell v. State, 43 S. W. Rep., 1016; Kelley v. State, 44 Texas Crim. Rep., 187.

DAVIDSON, PRESIDING JUDGE.—The indictment charges arson, with ownership in J. J. Jarvis. It is contended there is a variance between the allegation and the evidence. The house alleged to have been burned is known as the Jarvis College, situated at Thorp Springs, Hood County. The title was in fact in Jarvis. The building was occupied for school purposes, appellant being one of the teachers and the vice president of the school, and as such occupied one of the rooms and had some personal property situated in the room, on which he had a fire insurance policy. The building had been leased to appellant, who had for several years been president of the college, until within a short time prior to the burning, when he became vice president, with Addison Clark as president. Jarvis was president of the board of trustees, but lived in Tarrant County. The indictment sufficiently alleges the ownership, and the evidence does not constitute a variance.

It became a question on the trial of the case whether appellant had a motive for burning the building by reason of the insurance policy he had on some of his personal effects, situated in the building, and this was pressed by the State as one of its main facts. To meet this as best he could, appellant offered evidence to the effect that he and his wife were in charge of a boarding house, used in connection with the college building alleged to have been burned, and they had seventeen students with them, for which they received board, and were receiving $5 per month each for tuition, and that his wife was matron of the college, that they had a fine garden, and that appellant himself was receiving a salary as one of the teachers, and that their profits derived from their boarders, tuition and salary would amount to $100 per month. We believe this testimony should have gone to the jury to be weighed by them, in view of the fact that one of the

main facts relied upon by the State was the motive of appellant in burning the building to secure the money set out in the insurance policy.

Some bills of exception were reserved to the ruling of the court in regard to the cross-examination and proposed attack upon the credibility of the witness Massey. The bills are very indefinite and fail to show on their face the object or purpose of introducing this testimony. They do state they offered to prove certain facts, which, upon objection by the State, were excluded. The purpose or object of seeking to introduce this testimony is not stated in the bill. Therefore they are not discussed. However, in passing we might say that, upon another trial if the reputation of this witness is attacked for truth or honesty as a good law abiding citizen, as it seems to have been done in a general way in this case, then the testimony excluded by the court mentioned in the bills would be legitimate.

Another bill of exceptions shows that Swofford testified that he and Sandlin, on the night of the fire, went to the residence of appellant and had a conversation with him in regard to the insurance policy. This should have occurred on the gallery on the east side of the house. It is not necesasry to detail the conversation. It was thought to be of importance to the State, at least to the extent of appellant having denied the conversation as well as having the policy of insurance, by reason of the fact that he understood it to be cancelled. Appellant contradicted this witness in regard to this matter as did his wife. This witness was introduced to corroborate and support the witness Sandlin. The court qualifies this bill, by stating, that defendant and his wife both had testified that he made no such statement, and there is further testimony impeaching appellant in regard to his testimony at the examining trial, in which they used contradictory statements of appellant. The record shows that appellant made a statement when the cause of the fire was being examined into, before the justice of the peace, and the following day was called and made another statement. This was used by the State to contradict or impeach appellant, who testified in his own behalf. In this condition of the record, appellant offered the testimony of quite a number of witnesses to prove that his reputation for truth and veracity was good, which was rejected by the court. We believe this was error. Wherever contradictory or apparently contradictory statements of the witness are used, it is always admissible to prove his reputation to be good in regard to truth and veracity.

Exception was reserved to the court's charge, because it failed to instruct the jury that the accused could not be convicted alone upon his extrajudicial verbal confession. We believe under the facts of this case, the charge instructing the jury in regard to this question should have been given. There is no evidence in the record that we have discovered, showing appellant's guilty connection with the burning, except the statement from the witness Massey, to the effect that

appellant asked him not to tell on him; and the further fact that appellant had an insurance policy on some goods situated in the burned building: unless it be the still further fact that he lived in the little town and not far from the building. It is a rule of universal application that a party cannot be convicted alone upon his extra judicial confession. In this case there is no evidence that appellant or anybody else set fire to the building, except as above stated. There had been a meeting of the mandolin club in the upper story of the building, which had adjourned shortly prior to the building being burned. The testimony indicates that Massey and Gard were the last two to leave the building, and had just entered the residence of appellant a few moments before the alarm of fire was given, at which time appellant's wife and himself and two or three boarders testify to the fact, that appellant was in bed asleep and had not left his building. Under this state of case, we believe that appellant's case should have been guarded before the jury carefully in regard to this confession.

Again, upon another trial the jury should be instructed in regard to the confession itself. Appellant testified that he did not make any confession and that the matter was not discussed between him and witness Massey. If appellant made the confession or statement testified by Massey it was the strongest fact in the case, and perhaps the only fact, outside of an imputed motive, growing out of obtaining money by reason of his insurance policy. Appellant denies having made the confession, and proved an uncontradicted alibi. If the statement imputed to appellant by Massey was true, it would have been sufficient to criminally connect him with the burning, provided there was a burning shown to have been brought about by the criminal agency of some one. This was the potent fact in the case, and we believe that the jury should have been told that before they could consider it as a fact against him, they must find it to be true beyond a reasonable doubt.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*