A. F. RICHARDSON v. THE STATE.

No. 6415.   Decided November 30, 1921.

**1.—Embezzlement—Insufficiency of the Evidence—Extra-Judicial Confession—Corpus Delicti.**

Where, upon trial of embezzlement, the evidence was insufficient to support the conviction, in that the corpus delicti was proven only by the extra-judicial confession of defendant himself, the judgment must be reversed and the cause remanded.

**2.—Same—Transcript—Practice on Appeal.**

This court again calls attention as to the loose condition of the record on appeal, which perhaps was due to an oversight attributable to a hurried trial of the case.

90 T. C.—23

Appeal from the District Court òf Stephens. Tried before the Honorable W. R. Ely.

Appeal from a conviction of embezzlement; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—It was charged against appellant that he was the agent and employe, in the capacity of cashier, of the Farmer's and Merchant's Bank of Leeray (unincorporated), a joint stock association, and as such officer and agent, that he embezzled six thousand dollars belonging to said bank. Conviction followed, punishment being assessed at two years and six months in the penitentiary.

The record is before us without any bills of exceptions. Only one question is raised, and that is the sufficiency of the evidence to support the conviction, in that the *corpus delicti* was proven only by the extra-judicial confession of appellant himself. The particular transaction under investigation seems to have been one in which appellant caused to be transferred to an El Paso bank ten thousand dollars out of the funds of the Leeray bank, and then authorized the El Paso bank to pay his individual note of six thousand dollars out of this fund. There is ample evidence in the record from more than one witness that appellant made statements to them which would support the State's contention. Not only that, but it appears from the record by his extra-judicial statements he not only was guilty of the embezzlement of the six thousand dollars in question, but of a total of fifty or sixty thousand dollars of the Leeray bank's money. We have searched the record in vain to find any testimony, outside of the confession, which would show that the Leeray bank ever lost any amount of money, although it appears they secured the services of an auditor, disclosing his name; yet, this auditor was never placed upon the witness stand. It does appear that the cashier who succeeded appellant testified about a draft which was drawn upon the Cisco bank for the sum of ten thousand dollars, in favor of the El Paso bank. The Cisco bank seems to have been a correspondent of the Leeray bank, and this was the ordinary manner of transferring funds; but it nowhere appears in the record, outside the confession, that any instruction was given by appellant to the El Paso bank to appropriate any of the funds to the payment of his individual indebtedness, or that it was ever done. We are at a loss to understand the condition of the record, unless it be an oversight attributable to a hurried trial of the case. The term of the court at which this case was tried ended on the 18th day of March, 1921. The record discloses that this case was tried on the 16th day of March, and

the verdict of the jury is dated March 17, 1921, 2:50 a. m. It is not necessary to set out the evidence in detail, but an examination of the statement of facts will bear out the conclusion stated by us. It is well established that an extra-judicial confession may be used to aid the proof of the *corpus delicti*, but that such confession alone is insufficient to support a conviction. For authorities collated, see Branch's Criminal Law, sec. 235.

It follows that the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*