## Sam Mayfield v. The State.

No. 6755.  Decided April 12, 1922.

Rehearing Denied November 8, 1922.

**1.—Transporting and Possessing of Intoxicating Liquor—Constitutionality of Law.**

Appellant's contention, based on an attack on the validity of the law prohibiting the transportation of intoxicating liquor is adversely settled to him. Following Ex parte Gilmore, 228 S. W. Rep., 199.

**2.—Same—Transcript—Admonition to Officers—Statement of Facts—Bill of Exceptions.**

The officers of the court below are again admonished to exercise greater care in the preparation of transcripts, so that it will not be necessary to dismiss cases and then refile and reconsider when the true facts are ascertained, as in the instant case with reference to bills of exception and statement of facts.

**3.—Same—Charge of Court—Confession—Evidence Aliunde.**

Where, upon trial of transporting liquors, etc., there was in evidence by the State besides the defendant's confession other evidence supporting the same, there was no error in the court's refusal of a requested charge to the effect that the defendant could not be convicted on his own confessions alone.—Distinguishing Richardson v. State 228 S. W. Rep., 1094.

**4.—Same—Argument of Counsel—Defendant's Failure to Testify.**

Where, upon trial of unlawfully transporting intoxicating liquor, defendant complained of the argument of State's counsel, contending that it was a reference to defendant's failure to testify, but the bill of exceptions was insufficient to show any such condition of the record upon appeal, there is no reversible error.

**5.—Same—Extra-Judicial Confession—Charge of Court.**

Where the facts of the case did not call for a charge of the court limiting the effect of defendant's confession there is no reversible error.

**6.—Same—Statutes Construed—Exemptions—Sufficiency of the Evidence.**

Where appellant complained of the insufficiency of the evidence because same did not show that the liquor transported was not so transported for one of the excepted purposes in the statute the same is untenable, for the burden is upon the defendant to show this. Following Robert v. State, 234 S. W. Rep., 89.

**7.—Same—Misconduct of Jury—Separation—Presumption of Injury.**

Where the separation of the jury, if it can be regarded as such, was but momentary and the State entirely overcame by evidence any presumption of injury which might have arisen from such separation there is no reversible error.

**8.—Same—Rehearing—Transportation of Liquor—Sale—Statutes Construed.**

The contention that the indictment was bad for failing to allege that the transportation of liquor was for purpose of sale, has been settled against appellant. Following Stringer v. State, 241, S. W. Rep., 159, and other cases.

**9.—Same—Corpus Delicti—Extra-Judicial Confession.**

Where the *corpus delicti* was the legal transportation of whisky, and this allegation was established beyond question independent of defendant's confession, there was no error in the court's refusal of defendant's requested charge to the effect that unless there was corroboration of his extra-judicial verbal confession he should be acquitted.—Qualifying Dunlap v. State, 50 Texas Crim. Rep., 504.

**10.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where the argument objected to could not be said to have necessarily referred to defendant's failure to testify there is no reversible error.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquor; penalty, three and one-half years imprisonment in the penitentiary.

Opinion states the case.

*L. W. Davidson,* and *B. B. Sturgeon* for appellant.—On question of extra-judicial confession, Gallegos v. State, 90 S. W. Rep., 492, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Franklin County of transporting and possessing intoxicating liquor, and his punishment fixed at three and one-half years in the penitentiary.

The indictment contained two counts, one charging transportation of intoxicating liquor and the other possessing of such liquor. There was no election between the counts and both were submitted in the court's charge, and a general verdict of guilty was returned by the jury on which judgment was rendered.

Appellant's contention, based on an attack on the validity of the law prohibiting the transportation of intoxicating liquor, will not be discussed in view of the fact that same has been settled adversely to him in the case of Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

The transcript as first filed in this court showed that bills of exception Nos. 2, 3 and 4, were filed in the court below too late for consideration. In response to a motion to strike said bills from the record for the reason that they were filed too late, appellant has procured and filed here a certified copy of the order overruling his motion for new trial, in which it appears that ninety days from the adjournment of court was granted him in which to file such bills of exception and statement of facts. This is totally different from such order as same appears in the transcript originally certified to by the clerk of the trial court and filed here. Much delay and trouble is

caused to this court and its officers by lack of care in preparation of transcripts. Many appeals are dismissed and the disposition of cases delayed thereby. This court is very patient, but has time and time again admonished the officers of the trial courts in the exercise of greater care in the preparation of transcripts, and again calls attention to the necessity for careful comparison and inspection of orders with originals to the end that when cases are filed in this court it may not be necessary to dismiss them and refile and reconsider when the true facts are ascertained.

Appellant requested a special charge to the effect that he could not be convicted on his own confession unless there be other evidence corroborative of same tending to connect him with the offense charged. We do not think the court erred in refusing this requested charge. There seems no dispute of the fact that intoxicating liquor was being transported by some one on the occasion in question. The sheriff of the county testified that on the occasion in question he stopped appellant and a man named Staton who were traveling in a wagon which contained about thirty-eight gallons of corn whisky, same being in fruit jars packed in orange or lemon cases. It being an offense to transport such intoxicating liquor, there remained but the question of the connection, if any, of appellant with such offense. This court has often held that when a substantive crime has been committed and such fact appears *aliunde* the confession of the accused is sufficient to connect him therewith. In the instant case Mr. Bolin testified that he saw appellant on Saturday after he was arrested in possession of said liquor, and that appellant said to him: "By God it is my whisky and it is nobody's God damned business, if I can get through." This would seem amply sufficient to show that the liquor being transported was appellant's and to establish his guilt of the offense charged. Many authorities supporting the above will be found on page 1049 of Mr. Branch's Ann. P. C. Appellant cites the case of Richardson v. State, 90 Texas Crim. Rep., 353, 228 S. W. Rep., 1094, as authority for his contention that the confession of appellant was not sufficient to make out the *corpus delicti*. In our opinion the Richardson case is not in point. No connection on the part of Richardson with the liquor alleged to be in process of transportation was shown in the case referred to, nor was there any statement or confession of Richardson showing the liquor to be his property. Said case and the instant case appear to rest on entirely different facts.

Appellant further complains of the argument of the district attorney as follows: "That he, defendant told Bolin, that it was his whisky and that he, Bolin, must not interfere with him, and if he heard about him going up that road again that he had better not tell anybody about it, and that, gentlemen of the jury, stands undisputed and undenied."

It is contended that this was a reference to the failure of the defendant to testify. Neither in the bill of exceptions nor elsewhere

in the record is it made to appear that there were no other parties present at the time witness Bolin testified that he heard appellant make the statement that the whisky was his. Unless the record makes plain the fact that the statement of the prosecuting atorney was such reference to the failure of the defendant to testify as that same is obvious, this court would not feel inclined to reverse a case because of such argument. The State's attorney should not be prevented from referring to the fact that the testimony of a given State witness to a criminating fact was undisputed and undenied, and unless the appellant, claiming himself to have been injured thereby or the law to have been infringed by such statement, should show affiirmatively that the stituation in which the statement was made was one in which no one possessed the power to deny or dispute the testimony of the State witness except the appellant, error would not be shown. The bill of exceptions does not make apparent the fact that appellant did not testify, and for this reason would be held defective.

We do not find anything in the exception to the main charge of the court because same did not limit the effect of the testimony as to the extra-judicial confession made by the appellant. We do not think the facts of the case called for a charge limiting the effect of such evidence.

Appellant had a bill of exceptions complaining of the insufficiency of the testimony because same does not show that the liquor transported was not so transported for one of the excepted purposes in the statute. Under the authority of Robert v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 89, the burden of establishing that such transportation was within one of the exceptions, was upon appellant.

In his motion for new trial appellant alleged misconduct on the part of the jury, consisting of a separation of said jurors. The court heard evidence in support of said motion and found against appellant's claim. We have carefully examined the evidence adduced and so passed upon by the trial court, and are unwilling to believe the court's conclusion unsupported and that same was an abuse of his discretion in such matters. The State seems to have entirely negatived any possibility of injury resulting from the alleged separation. It was shown that while the jurors were moving upon the street one of their number, in full view of the others, walked up to an acquaintance, who was standing at a distance variously estimated from six to fifteen feet from the other members of the jury, and there passed between them a short conversation, when said juror was admonished to return to his companions and did so. Said juror was introduced as a witness for the State and testified under oath that nothing was said on said occasion that in anywise referred to the instant case. Such separation, if it can be regarded as such, was but momentary. The State having entirely overcome any presumption of injury which might arise from the fact of such separation, under all

the authorities we must uphold the action of the trial court in refusing to grant the motion for new trial.

We have carefully considered each of appellant's contentions, and being unable to conclude that any of same present error for which a reversal should be granted, and affirmance will be ordered.

*Affirmed.*

ON REHEARING.

November 8, 1922.

HAWKINS, JUDGE.—It is urged that the indictment failing to allege that the transportation of the liquor was for the purpose of sale renders same bad under the amendment of the Thirty-seventh Legislature, 1st and 2d Called Sessions, Chapter 61, page 233. This contention has been settled against appellant in Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 572; Cecil v. State, (No. 7403, opinion October 11, 1922); Johnson v.* State, (No. 7071, opinion October 11, 1922); Copeland v. State, (No. 6994, opinion October 11, 1922).

It is seriously urged that our original opinion is wrong in holding there was no error in refusing appellant's special charge to the effect that unless there was corroboration of his extra-judicial verbal confession he should be acquitted, and that our opinion is in conflict with Dunlap v. State, 50 Texas Crim. Rep., 504, 98 S. W. 845. We have carefully examined the latter case. The charge was arson. The *corpus delicti* was, of course, the unlawful setting fire to the house. The opinion states:

"There is no evidence in the record that we have discovered showing appellant's guilty connection with the burning, except the statement from the witness Massey to the effect that appellant asked him not to tell on him, and the further fact that appellant had an insurance policy on some goods situated in the burned building, unless it be the still further fact that he lived in the little town and not far from the building. It is a rule of universal application that a party cannot be convicted alone upon his extrajudicial confession. *In this case there is no evidence that appellant or anybody else set fire to the building, except as above stated.*"

We think that portion of the opinion italicised by us clearly shows the distinction between that and the instant case. Here the *corpus delicti* was the illegal transportation of the whisky. This was established beyond question independent of the confession. Mr. Branch in his Ann. P. C., page 1049, states what we regard as the correct rule thus.

"An extrajudicial confession alone, without proof of the *corpus delicti*, is insufficient to sustain a conviction."

The cases collated under the statement support the rule. If there had been no proof of the transportation of whisky save the statement by appellant quoted in our original opinion then this case and Dunlap's (*supra*) would have presented the same question.

In regard to the complaint of the argument of the district attorney (quoted in opinion) being a reference to appellant's failure to testify, we observe that the trial judge in his qualification of the bill stated "that the record showed that A. Owing was present at the time the statement was made and heard it, if it was made. This argument was a comment upon defendant's failure to produce A. Owing." If Owing was present the record fails to show it and in this qualification the learned trial judge may have been in error, but the record does show, as we understand it, that Staton was present, Bowlin testified that Staton said to him, "You did not get this through, but understand, don't undertake that any more; if you do there will be serious trouble; the fact is that is not my whisky, I was paid $35 to haul that over there," whereupon appellant said said "By G— it is my whisky and it is nobody's G— d— business if I can get through." The bill complaining of the argument does not show that Staton had been indicted for transporting the whisky. If not he was available to accused as a witness, and the argument complained of under such circumstances could not be said to necessarily have reference to accused's failure to testify.

After careful reconsideration we conclude appellant's motion for rehearing should be overruled.

*Overruled.*