### J. O. KULBERTH v. THE STATE.

#### No. 7766.  Decided October 17, 1923.

**Manufacturing Intoxicating Liquor—Corpus Delicti—Confessions.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, there was nothing in the record on appeal save the confession of the defendant, and there was no other evidence that a crime was then committed, nothing remains for this court but to apply the law that the crime itself as well as accused's participation therein cannot be proved alone by a confession made out of court, said confession being repudiated by defendant on his trial. Following Richardson v. State, 90 Texas Crim. Rep., 353, and other cases.

Appeal from the District Court of Freestone. Tried below before the Honorable J. M. Blackmon.

Appeal from a conviction of manufacturing intoxicating liquor.

The opinion states the case.

*T. H. Bonner* and *P. O. French*, for appellant. On question of *corpus delicti*, confession and corroboration, Thompson v. State, 234 S. W. Rep., 401; Follis v. State, 101 id., 242; Barnes v. State, 36 Texas, 356; Warren v. State, 29 Texas, 369, and cases cited in opinion.

*R. G. Storey*, Assistant Attorney General, for the State. Cited, Dirden v. State, 247 S. W. Rep., 870; Hall v. State, 248 id., 365.

HAWKINS, JUDGE.—Conviction is for the illegal manufacture of whisky. Punishment was assessed at one year in the penitentiary.

In our view of the record it becomes necessary to discuss one ques-

tion only. On the night of August 18th, 1922 two officers arrested one T. E. Bottoms. On his person they found a quart of whisky, and at his house something near a half gallon. They also found on the premises of Bottoms a still and worm in different places hidden in a thicket. After Bottom's arrest and after finding the whisky and still appellant was arrested about eleven o'clock the same night while returning to his home from a neighbor's in company with his children. Appellant's wife was not at home, being absent on a visit. No whisky was found on appellant's person, none at his house, and no equipment for the manufacture of it was found on his premises. Appellant was taken before the county attorney, and after proper warning made a confession in which he stated that two weeks before he made three gallons of whisky on a still owned by Bottoms, and that the latter made some whisky at the same time; that each of them had a barrel of mash and ''cooked it off;'' that he (appellant) sold a half gallon of his whisky, gave some of it away, and drank the balance. Upon the trial appellant admitted the confession but denied the truth of the statements therein, explaining that the officers threatened to take him to Waco, but told him if he would confess they would take him to Fairfield where he could make bond; that his wife was away from home and there was no one to stay with his minor children, some of whom were girls; that he was induced to make the confession in order that he might not be taken to Waco but to Fairfield where he could make bond and return to his children. He denied that he ever at any time made whisky on Bottom's still or any other, and asserted that he had never owned or had in his possession machinery for making whisky. The officers denied making any threat to take appellant to Waco, or inducing him to confess on their promise not to carry him there, but admit something was said in his presence about taking Bottoms to Waco, or that Bottoms said he did not want to be taken there. The issue of whether appellant was improperly induced to make the confession was submitted to the jury. The point is made that regardless of how this issue was determined the conviction cannot stand because the *corpus delicti* was shown in no way other than by the confession. We believe appellant's contention to be sound under the facts revealed by the record. That a confession may be used to aid the proof of the *corpus delicti* is well established, (See authorities from our own court collated under paragraph one, Section 235, Branch's Crim. Law) but that an extra-judicial confession alone is insufficient to support a conviction is also well settled. (See authorities cited under fourth paragraph Section 235, Branch's Crim. Law; also Richardson v. State, 90 Texas Crim. Rep., 353, 235 S. W. Rep., 578; Aven v. State, recently decided, 253 S. W. Rep., 521.) The proof of finding whisky on the person and premises of Bottoms and

finding equipment for its manufacture on his premises did not even remotely tend to show the manufacture of whisky two weeks prior thereto by appellant, who lived some distance from Bottoms. The finding of the whisky did show that somewhere, at some time, somebody did make it, and that it and a still were found on Bottoms's premises pointed to him as the guilty party; but nothing in the record save the confession shows the manufacture of liquor (that is the commission of a crime) at the time claimed by the state. There being no other evidence that a crime was then committed, nothing remains for us but to apply the law that the crime itself as well as accused's guilty participation therein cannot be proven alone by a confession made out of court. The truth of such confession was not affirmed by him on the trial but repudiated.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*