## BORRIS BREITMAN v. AETNA INSURANCE COMPANY AND OTHERS.[1]

October 23, 1925.

No. 24,777.

**Question for jury.**

1. Evidence *held* to make a case for the jury as to whether plaintiff attempted to burn his own property.

**Where insurance company claimed plaintiff set the fire, any proof for him showing absence of motive is relevant.**

2. In a suit on policies of fire insurance, the defense being that the fire was wrongfully set by plaintiff, any proof for plaintiff is relevant which tends directly to show an absence of motive. So it was error to exclude plaintiff's offered proof that at the time of the fire and for some months previously his business had been making a substantial profit.

[1]Reported in 205 N. W. 442.

Any evidence admissible which negatives motive for interruption or destruction of plaintiff's business.

3. Any evidence is admissible in such a case which shows a business with such attributes of profit and establishment as tend to negative any motive for interruption or destruction thereof by the owner.

1. See Fire Insurance, 26 C. J. p. 558, § 774.

2. See Evidence, 22 C. J. p. 176, § 114; Fire Insurance, 26 C. J. p. 532, § 746.

. 3. See Evidence, 22 C. J. p. 176, § 114; Fire Insurance, 26 C. J. p. 532, § 746.

2, 3. See note in 17 L. R. A. (N. S.) 189. 14 R. C. L. p. 1223; 4 R. C. L. Supp. p. 948; 5 R. C. L. Supp. p. 802.

Action in the district court for Hennepin county to recover upon fire insurance policies. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of defendants. Plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*James A. Peterson* and *A. D. Smith,* for appellant.

*Ernest E. Watson,* for respondents.

STONE, J.

Action upon policies of fire insurance, the defense being put upon the claim "that plaintiff intentionally, wilfully, wrongfully and unlawfully" caused the fire. That was the only issue, the amount of the loss having been agreed upon. There was a verdict for defendants and plaintiff appeals from the order denying his motion for judgment notwithstanding the verdict or a new trial.

Plaintiff was a dealer in automobile tires and occupied a storeroom in Minneapolis. The fire was discovered early in the evening and quickly extinguished. One of the firemen found an electric toaster in a partially burned pile of paper rubbish inside a pile of tires in the rear room of the store. The cord had been burned off a short distance from the toaster. The other end was attached to a socket. Although there was no proof that the current had been

turned on through this fixture, the circumstances were such as to warrant an inference that the toaster caused the fire and that it had been placed for that purpose.

Defendant admitted the presence of the toaster and explained it by saying that he used it occasionally to prepare his own breakfast. In view of the fact that his home was in St. Paul, the jury might well have doubted his story that occasionally he left that home and its presumably well-equipped kitchen and larder and repaired to his storeroom in Minneapolis and there prepared his own breakfast. There is nothing unusual perhaps in the claim that he sometimes had to get his own morning meal. But there is so much improbability in the rest of the story that it was a proper element for the consideration of the jury. There was enough evasiveness, inherent improbability and contradiction in the testimony of plaintiff himself to prevent its being controlling. Without further discussion, we hold that the evidence made a case for the jury.

Another point, however, compels a reversal. The defense introduced no evidence of motive. But absence of motive in such a case is so persuasive against the averment of guilt that, even without initial evidence contra, the one charged with wrongdoing should be permitted to prove absence of motive. In this case plaintiff offered proof that during the 8 months or thereabouts preceding the fire his business was making a profit of substantially $5,000 a year. That evidence was excluded and we think it was error and so clearly prejudicial that there must be a new trial.

Notwithstanding that the case is of a civil nature, the one issue concerns plaintiff's innocence or guilt of a criminal act. The nature of the case as civil rather than criminal reduces the degree of proof required but it does not change the criteria of evidence. "It is always a just argument, on behalf of one accused, that there is no apparent motive for the perpetration of the crime. Men do not act wholly without motive." Kennedy v. People, 39 N. Y. 245 (254). It is particularly true that a sane man does not burn his own property unless there is a clear chance of making money by doing so. Where there is assured and substantial profit, a man is so desirous

of continuing and enhancing it that adequate or even excessive insurance is seldom if ever an inducement for a destruction of the property which is producing the gain. So it was error to exclude proof that a profit was being derived from the burned property (Dunlap v. State, 50 Tex. Cr. 504, 98 S. W. 845), just as it would be error in a case of homicide to exclude persuasive evidence of "a defendant's strong feeling of affection for the deceased person." The relevancy of such evidence is obvious, for the circumstances sought to be proven "would work against the doing of violence upon him (the deceased) and would itself be relevant to show the not-doing." 1 Wigmore, Ev. (2d) 358. Here defendants prevailed on circumstantial evidence. In that situation, "of vital importance * * * where one of the essential ingredients of the crime is the wilfulness of the act, are the circumstances indicative of want of motive." State v. Kasper, 140 Minn. 259 (264), 167 N. W. 1035, 1037. "Again, from the absence of any apparent motive, the presumption in favor of innocence is rendered much stronger where the counteracting motive not to commit a crime is shown to exist. Thus, where an accused was indicted for arson with intent to defraud the insurance company, and it was shown that he had property on the premises worth more than his insurance, it would greatly strengthen the presumption of his innocence." 2 Wharton, Cr. Ev. 1648.

Our search of the record and arguments for the ground of the ruling in question suggests that it may have been supposed below that plaintiff had been permitted to go far enough in his own statement that his business was "profitable." That would be true if the profit were only nominal. A nominal gain might not enable one so minded to resist the temptation to burn his property for the insurance, but it would almost surely be otherwise in the case of a substantial or handsome profit. Again it may have been thought that plaintiff's own estimate of the profit for the period in question was inadmissible. That view cannot be maintained. Plaintiff's personal knowledge was such as to qualify him to testify to the point.

No other assignment of error needs particular consideration. They have all been examined. The precise amount of plaintiff's "C. O. D. bills receivable" at the time of the fire, standing by itself, was inadmissible and properly excluded. But the volume of business plaintiff was doing at the time is a different matter and proof concerning it should be admitted within reasonable limits, including the amount of C. O. D. business, all for the purpose as already indicated of showing the existence of a trade with such attributes of profit and establishment as would tend to negative any motive for interruption or destruction thereof by the owner.

Insofar as the order appealed from denies plaintiff a new trial, it is reversed.