N. T. JOHNSON v. THE STATE.

No. 13818.    Delivered March 18, 1931.

The opinion states the case.

*W. D. R. Owen* and *Frank Judkins,* both of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement, a felony; the punishment, confinement in the penitentiary for two years.

Appellant was employed by the Oil Belt Motor Company, a corporation, as bookkeeper and cashier in their Parts Department. He had charge of the sale of parts, handled the books and records as to automobile dealings, received and paid out cash, and kept the books. Prior to an audit of the books, the president of the company had on several occasions asked appellant if his cash always balanced. Appellant answered in the affirmative. Being advised by appellant that he was going to leave their employment, the company had appellant's books audited. The auditor testified, in substance, as follows: He made a cash audit of the business in detailed form, examining every record that had anything to do with the cash. As of date October 31, 1928, the audit disclosed an entry of $196.32, this being the amount appellant was charged with having embezzled, made to "reverse credit to cash on hand." This indicated that said sum of money had peen paid out. There were no invoices or memoranda to indicate that the cash had ever been paid out. In order to strike a balance, the sum of $196.32 was credited to cash, and charged to Account No. 231. Sometimes the total of cash receipts would show a smaller amount than a correct addition of said sums would indicate, and the disbursements would show a larger amount, when totaled, than a correct addition of the same would reflect. In discussing the matter with appellant, the auditor called his attention to the discrepancies. Appellant stated that he knew his figures were incorrect; that at one time he missed $350 or $400; that inasmuch as there had

been some misunderstanding between him and his employers he had changed the figures to cover up the shortage in order to keep his employers from finding it out. Appellant denied that he had taken any money, although, as stated, he admitted that he had changed the records. The testimony of the State was further to the effect that appellant had, on another occasion, drawn a draft on his brother for $450, which was returned unpaid. This draft had been deposited in the bank as cash, the records reflecting the fact that the Oil Belt Motor Company had cashed the draft. After the matter was discovered, appellant repaid his employers the amount he had received on the draft. As to the $196.32 shown by the books to be short, appellant stated to different parties employed by the corporation, according to the testimony of the State, that he knew that the auditor was going to find a shortage; that he had rather be shot than to have his wife know it; that if the company would give him time he would repay the amount. It appears that in each of these conversations appellant denied that he had taken any money belonging to the corporation. Many citizens of Eastland County testified that appellant's general reputation for being peaceable and law-abiding was good. Among these parties were some of the men employed by the Oil Belt Motor Company. The State did not undertake to combat appellant's reputation in the respect mentioned. Appellant did not testify in his own behalf, but offered witnesses who testified that many parties had access to the cash register kept by appellant, and that at times collections were made by other employees of the corporation.

Appellant timely and properly sought to have the jury instructed, in substance, that he could not be convicted alone on his extra-judicial confession. It is the general rule that "where there is no doubt that the crime has been committed by somebody, and defendant's agency with it is shown alone by his confession, it is not reversible error to fail to charge that a conviction could not be had upon a confession alone." Branch's Annotated Penal Code, section 75; Willard v. State, 27 Texas App., 391, 11 S. W., 453; Sowles v. State, 52 Texas Crim Rep., 18, 105 S. W., 178; Mayfield v. State, 92 Texas Crim. Rep., 532, 244 S. W., 819. In the present case, aside from the statements made by appellant relative to the shortage, the State relied upon the entries in the books kept by appellant to show that the offense of embezzlement had been committed. In the admissions of appellant, he merely confessed to having made a false entry, and explained his action in so doing in a manner consistent with his innocence. In short, he made no unequivocal confession of guilt. The only evidence that appellant had appropriated the $196.32 in question is that the auditor failed to find any invoices or receipted bills showing to whom, or for what, said sum of money had been paid. Other than the books there was nothing to show that the specific sum of money appellant was alleged to have embezzled had ever

been received by him. It is the rule that a party cannot be convicted alone upon his extra-judicial confession. Under the facts reflected by the record we are of the opinion that the holding in the case of Dunlap v. State, 50 Texas Crim. Rep., 504, 98 S. W., 845, is applicable here. We quote Judge Davidson's language in that case, as follows: "There is no evidence in the record that we have discovered, showing appellant's guilty connection with the burning, except the statement from the witness Massey, to the effect that appellant asked him not to tell on him, and the further fact that appellant had an insurance policy on some goods situated in the burned building; unless it be the still further fact that he lived in the little town and not far from the building. It is a rule of universal application that a party cannot be convicted alone upon his extrajudicial confession. In this case there is no evidence that appellant or anybody else set fire to the building, except as above stated."

After using the foregoing language, Judge Davidson concluded that a charge substantially the same as that sought in the present case should have been given. The opinion is expressed that under the facts of this case the jury should have been instructed as requested by appellant.

Touching the matter of appellant having drawn a draft on his brother for $450, which was charged to the corporation, appellant sought to have the court limit the effect of such testimony by giving an instruction that appellant could not be convicted for that offense, and that it could be considered, if at all, only on the question of intent. The opinion is expressed that the learned trial judge fell into error in failing to respond to the exception. Branch's Annotated Penal Code, Section 188; McCall v. State, 14 Texas Crim. App., 362; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W., 1005.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.