ROBERT CALDWELL V. THE STATE.

No. 21459. Delivered April 23, 1941.
Rehearing Denied May 28, 1941.

78

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

It is made to appear by supplemental transcript that the indictment was incorrectly copied in the original transcript. The reversal of the judgment was based solely upon the apparent withdrawal by the court of that part of the indictment charging the commission of the offense by the principal which left only the paragraph of the indictment charging appellant with being an accessory. Considering the indictment embraced in the supplemental transcript, in connection with the court's charge, it is manifest that the court submitted to the jury, not only the paragraph charging the principal with cattle theft, but also that charging appellant with being an accessory. Under the circumstances, the former opinion is withdrawn and the following substituted in lieu thereof:

It was charged in the indictment, in substance, that Homer Tate committed the offense of theft of cattle, and that appellant did thereafter, knowing Tate had committed said offense, fraudulently, knowingly and willfully conceal and give aid to

Tate in order that he might evade an arrest and trial for said offense. Upon conviction appellant was condemned to confinement in the penitentiary for two years.

The proof on the part of the State was sufficient to show that Tate committed the offense. In order to show that appellant was an accessory the State relied entirely upon appellant's extra-judicial statements to the effect that he had borrowed money for the purpose of purchasing the stolen cow, in order that he might kill her or return her to the pasture of the injured party. Appellant's further uncorroborated declarations were to the effect that he went to the place where the cow had been carried by himself and Tate for the purpose of repurchasing her. However, he did not obtain the animal. Shortly thereafter he went to the officers and told them appellant had committed the theft. In short, he gave a detailed statement relative to the transaction. We find nothing in the record corroborative of appellant's declarations to the officers to the effect that he had endeavored to aid Tate in an effort to prevent his arrest and trial. As already stated, appellant's conviction as an accessory rests entirely upon his extra-judicial confession. It is the rule that a party cannot be convicted alone upon his extra-judicial confession. Johnson v. State, 36 S. W. (2d) 748. Under the circumstances, we are constrained to hold the evidence insufficient.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, Presiding Judge.

The foregoing opinion was prepared by Judge Christian and brought into consultation on the morning of April 15, 1941. During consultation, at about 10:30 a. m., he was suddenly stricken and soon lapsed into unconsciousness, and passed away about 7 o'clock in the evening of April 15. In the afternoon the court continued its consultation, considered the opinion, and adopted the same. It is now here formally announced as the opinion of the court under the name of our lamented co-worker, this April 23, 1941.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State insists that we were in error in our conclusion

that the appellant's extra-judicial confession was not corroborated.

We have again carefully examined the facts in the light of such contention and again fail to find any such corrobative testimony. In fact, we are unable to find any testimony or circumstance pointing to appellant's guilt outside of what he was alleged to have said or admitted to others.

To establish the guilt of the accused the State was under the burden not only of proving the theft by the principal, but, in addition thereto, of showing that appellant, knowing such offense had been committed, aided the thief to evade arrest for the crime committed.

We are unable to reach the conclusion that the facts sufficiently establish the guilt of the appellant as charged.

The State's motion for rehearing is overruled.