WILLIE SMITH V. STATE.

No. 25574. January 9, 1952.
Rehearing Denied February 13, 1952.

Hon. A. R. Stout, Judge Presiding.

*Thos. Bartlett, Jr.,* Marlin, for appellant.

*Stuart B. Lumpkins,* County Attorney, Waxahachie, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is misdemeanor theft; the punishment, six months in the county jail.

One Hobbs, the injured party, testified that appellant on the day in question came to his garage to have some automobile repair work done; that during the course thereof he and appellant made a trip to town in Hobbs' pickup for some parts. Hobbs testified further that when he went into the garage in town for the parts appellant remained in the pickup; that after the work had been done and appellant had left, he discovered that his wrist watch was missing from its accustomed place in the glove compartment.

Appellant's confession was introduced in evidence, but the stolen property was never recovered.

Bill of Exception No. 1 complains of a portion of the argument of the prosecutor, contending that the same constituted a comment on his failure to testify.

An examination of the bill reveals the fact that appellant did not object to the argument in question at the time it was made but waited until the jury had retired to deliberate and then moved the court to declare a mistrial.

In Ross v. State, 102 Tex. Cr. R. 364, 277 S. W. 667, this court, speaking through Judge Hawkins, said:

"Complaint is made of certain argument of the district attorney as being an allusion to appellant's failure to testify. The court qualifies the bill by stating that no objection or exception to the argument was made. Complaint of argument cannot be made for the first time in motion for new trial or by bill of exception presented to the court after the trial is over. The objection should be presented at the time the argument is made. Simmons v. State, 248 S. W. 392; Harris v. State, 249 S. W. 485; Hicks v. State, 261 S. W. 579."

See also Lomax v. State, 142 Tex. Cr. R. 231, 144 S. W. (2d) 555; Mickle v. State, 149 Tex. Cr. R. 53, 191 S. W. (2d) 41; 4 Tex. Juris., Sec. 41, pp. 63-64.

Further, in the absence of a showing in the bill that the confession could not be attacked by testimony other than that of appellant, the remarks of the district attorney to the effect that there was no evidence attacking the statement did not constitute an allusion to appellant's failure to testify.

Bill of Exception No. 2 complains of that portion of the court's charge in which he submitted felony theft, contending that the evidence did not support the giving of such a charge.

The fact that the jury found appellant guilty of misdemeanor theft passes this question out of the case. Crowley v. State, 146 Tex. Cr. R. 269, 174 S. W. (2d) 321.

Bill of Exception No. 3 complains of the trial court's failure to charge on theft under $5.00. We do not feel that the facts warranted the giving of such a charge. The injured party testified that the watch kept very good time. The witness on value testified that if the watch in question was in good condition, it would be worth more than five dollars. There was therefore no evidence establishing its value at less than five dollars.

Bill of Exception No. 4 complains of the failure of the court to charge on the necessity of corroborating appellant's confession.

In 24 Texas Jurisprudence, Section 108, page, 597, we find the following:

"In a proper case the jury should be instructed that the defendant may not be convicted on his extrajudicial confession alone. Such an instruction is not necessary, however . . . where there is ample evidence, aside from the confession, which establishes the corpus delicti."

In Johnson v. State, 117 Tex. Cr. R. 103, 36 S. W. (2d) 748, we said:

"It is the general rule that 'where there is no doubt that the crime has been committed by somebody, and defendant's agency with it is shown alone by his confession, it is not reversible error to fail to charge that a conviction could not be had upon a confession alone.' Branch's Annotated Penal Code, par. 75 and cited cases."

In the case at bar, the injured party testified that he had personally placed the watch in the glove compartment and had seen it there shortly before appellant came to his shop, that he and appellant were the only occupants of the pickup on the trip to town, and that he discovered that the watch was missing an hour and a half after appellant had left. The corpus delicti of the offense was thus shown independently of the confession.

We have examined the remaining bills of exception and find no error reflected thereby.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has presented a motion for rehearing and by oral argument insists that, in the state of the evidence, the court should have charged on the theft of property under the value of $5.00.

A review of the statement of facts on the subject of value shows that the wife had purchased the watch as a present for the injured party, presumably during Christmas preceding the 17th day of April, 1951, and that she gave $55.00 for it on the market. The wrist band was purchased by his daughter for the price of $10.00. There is no objection to the admission of this evidence and it was before the jury for their consideration. The jeweler who testified as to the value of the watch had not ex-

amined it but his testimony was to the effect that a watch of the make described would have a second-hand value on the market of $25.00. He made no mention of the wrist band. On cross-examination he stated, among other things, that if it was in good condition it was worth more than $5.00. The injured party testified that "the watch kept very good time." Considering the original cost of the watch, the statement of the injured party that it kept very good time, and the testimony of the expert, it seems to be positively proven it had a value of more than $5.00. This is not controverted by any evidence whatsoever and we see no occasion for the court submitting to the jury a charge on the theft of property under the value of $5.00.

The original opinion discusses very clearly other questions raised in the case which need not be further considered. Appellant's motion for rehearing is overruled.