**Bobby J. MANNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37131.**

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied and Opinion Amended Jan. 6, 1965.

Second Rehearing Denied Oct. 13, 1965.

George S. McCarthy, Tom Upchurch, Jr., Amarillo, for appellant.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Amended Opinion.

The offense is theft from the person; the punishment, three years.

This is a companion case to Dean v. State, Tex.Cr.App., 379 S.W.2d 916, and the facts are substantially the same and therefore will not be set forth here other than to state that in the case at bar the witness Maxine Hubbard testified that following the incident in question appellant told her that he and his wife had taken $400.00 from Williams. June Clark also testified that appellant told her in the presence of others that his wife had taken $400.00 from Williams and later suggested that she leave the state after the incident and prior to the trial. Paul Williams testified that appellant had come to see him after the incident and asked if his brother, Pete, the injured party, would settle for anything. Pete Williams testified that following the loss of his money appellant pretended to assist him in locating one Bob Dickerson, who appellant said might have gotten his money, asked that he not go to the police and finally told him "I think I can get your money, I think I can borrow it from my father in law", but that the money was not forthcoming. Officer Fields testified that appellant prior to his arrest admitted to him that he had rented rooms 216 and 217 at the Holiday Inn on the night in question.

Appellant contends that the prosecutor alluded to his failure to testify in his argument to the jury. The formal bill of exception as qualified by the court and the informal bill of exception as reflected by the separate statement of facts containing the jury argument show that the following occurred during the course of the prosecutor's argument:

"With respect to Mr. McCarthy's argument, I must say that I feel that some of the argument in a sense did not fairly weigh the proposition, of all of the

testimony in this case. He spent basically the full amount of his time with reference to Pete Williams and the conflicts that were caused on cross examination—now, that same conflict that arose by the same cross examination by the same cross examiner was in the last case, and I think it is even obvious in this case, and we have human personalities here, too, and taking all that into consideration, all these elements have to come into consideration. You are the ones that are the exclusive judges of the credibility and the believeability of the witnesses. Did you believe Pete Williams—did he get confused here and there—is the mass of the State's testimony believable, is it contradicted substantially in any fashion. No, it isn't, it isn't—

"Mr. McCarthy: Now, we object to his statement that it is not contradicted in any fashion, and we ask for a mistrial.

"The Court: Overruled.

"Mr. McCarthy: Note our exception."

■ It should be noted that the prosecutor used the expression "the mass of the State's testimony". In order for such a statement to be construed as a comment upon appellant's failure to testify, there must not have been anyone other than appellant who could have refuted any of the State's witnesses. Such is not the case here. In French v. State, 162 Tex.Cr.R. 48, 284 S.W.2d 359, we said: "For argument to violate Article 710, V.A.C.C.P., it must be such as cannot reasonably be applied to the failure of the accused to produce testimony other than his own." Officer Fields testified that there was another party present when appellant admitted having rented the rooms in question. This is an example of the other evidence available to refute the State's case other than appellant's own testimony.

■ Bill of Exception #4 complains of the failure of the court to grant his oral motion to require the State to elect prior to the presentation of defensive testimony. The court stated at the close of the State's case that the State had elected to proceed on the count which charged theft and the count which charged conspiracy to steal the same funds. When he charged the jury he submitted only the count which charged theft. In this we perceive no error. 30 Tex.Juris.2d, Sec. 46, p. 618 and cases there cited.

■ Appellant next complains of the failure of the court to grant him a new trial on the grounds of jury misconduct. Attached to his motion are the affidavits of three jurors in which they recite that the failure of appellant to testify in his own behalf was discussed by them during their deliberations.

At the hearing on the motion appellant stood on these affidavits and did not call the jurors as witnesses. The State, however, called three other jurors, one of them being Mrs. Green who testified: "someone raised the question with reference to the defendant not testifying" and that the foreman told the remainder of the jury that such fact should not be considered and there was no further discussion of the matter. We quote further from her testimony: "Q. Could there have been conversations during the deliberations that you did not hear? A. No."

Recently in Mandujano v. State, 170 Tex. Cr.R. 166, 339 S.W.2d 528, we held that an immediate instruction by the foreman cured the error. Mrs. Green's testimony created an issue of fact which the trial court decided adversely to appellant when the court refused to grant the motion for new trial. Jaynes v. State, 164 Tex.Cr.R. 147, 296 S.W.2d 934.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.