**Lonnie William ENGLEDOW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39830.**

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Roy C. Hughes, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth E. Blassingame, Joe K. Hendley, W. John Allison, Jr., and Kerry P. Fitzgerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Presiding Judge.

The offense is statutory rape; the punishment, 12 years.

Trial was had, and notice of appeal was given in 1965.

Appellant's 13 year old granddaughter testified that she was an orphan and lived with appellant and his wife, her grandmother, and that on the day in question appellant called her into the bedroom, pulled her down on the bed and had intercourse with her. She testified that at some time later she and appellant were brought to the Sheriff's office where she was examined by a doctor and where she made a written statement.

Sheri Jacobs of the Dallas County Welfare Department testified that she had worked with the prosecutrix since shortly after the day charged in the indictment and expressed the opinion that, though physically mature, the girl had the mental capacity of a nine year old child.

Dr. MarDock testified that he examined prosecutrix two days after the date alleged in the indictment and expressed the opinion that she had had recent sexual intercourse.

The State then rested, and appellant testified in his own behalf denying that he had ever had intercourse with the prosecutrix and stated that it was he who instituted the call to the police because prosecutrix was missing on the afternoon in question. He then called reputation witnesses and rested.

At this juncture the State called Officer Cook, who testified in the absence of the jury that he had warned appellant and advised him of his right to counsel, that he was told by appellant that he did not want counsel, and that after 20 minutes of interrogation, appellant orally admitted the act of intercourse on the day charged in the indictment, as well as several acts of intercourse which had preceded it. Cook stated that such statement was reduced to writing and read to appellant in the pres-

ence of Ralph Coleman, a newsman for TV, Channel 11, and signed by appellant. Coleman corroborated Cook's testimony.

Appellant then testified that he was partially blind and that he had affixed his signature to an instrument without knowing its contents because of certain promises and inducements made to him by Cook. The Court made his findings in accordance with the procedure outlined by this Court in Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, and then the same evidence as to the voluntariness of the confession was submitted to the jury with the confession.

■ We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by counsel by brief and in argument.

■ His first contention is that the totality of the circumstances renders the confession inadmissible as a matter of law. He relies upon appellant's age, his poor vision, the fact that he appeared to be perturbed and distraught while making the confession and before signing the same, and his claim that he was ill. Reliance is had upon Collins v. Beto, 5 Cir., 348 F.2d 823. By no stretch of the imagination could the facts before us here be said to reach the constitutional dimensions which were present in Collins, and we overrule appellant's contention in this regard.

■ His next contention is that the testimony of the prosecutrix does not comport with human experience and is therefore rendered unbelievable. He bases this upon the fact that the prosecutrix first said that they ate lunch at home prior to the act taking place, and then later remembered that the family had journeyed to Kaufman and had eaten on the way before returning home where the act of intercourse took place. As we said in Botello v. State, 161 Tex.Cr.R. 207, 275 S.W.2d 814, we view the testimony of immature girls in cases of this nature with utmost care. We have done so in the case at bar and have concluded that her account of the transaction

was rational and comported with human experience.

■ Appellant's requested charge would have instructed the jury to acquit unless they found that there was evidence corroborating the appellant's confession. In failing to give such charge, the Court did not err. It was undisputed that this 13 year old unmarried girl had had intercourse recently with someone. This testimony plus the testimony of the prosecutrix constituted ample evidence aside from the confession which rendered the giving of the requested charge unnecessary. Smith v. State, 157 Tex.Cr.R. 21, 246 S.W.2d 187, and cases there cited.

Finding no reversible error, the judgment is affirmed.