**Tommy GLASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40127.**

Court of Criminal Appeals of Texas.

March 1, 1967.

Max Blankenship, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John Brady, Roland H. Hill, Jr., William R. Magnussen and Truman Power, Asst. Dist. Attys, Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is a conviction for giving a check for more than fifty dollars without sufficient funds, with intent to defraud; the punishment, ten years.

The only ground relied upon for reversal is that the state's attorney, during his argument to the jury, commented upon the appellant's failure to testify.

The argument complained of, the objections thereto, the motion for mistrial, and the rulings of the court thereon were as follows:

"State's Attorney:

The facts in this case are as simple as they can be. The man, Tommy Glass (appellant), is charged with violation of the check law. We feel that the evidence has proved to you; *the only evidence you have heard from the witness stand to which there is no contradiction in this case;* it is a most unusual case, is that he did violate the check law and that you should find by your verdict that he is

guilty. (Emphasis as shown in appellant's brief.)

"Appellant's Attorney:

Your Honor, I want to object, if I may. I am a little slow rising, but counsel just argued to the jury here that this is a most unusual case and there is no evidence rebutting what the State presented. I want to object to that being improper argument to the jury for the reason it is a comment on the defendant's failure to take the stand to testify or to put other testimony on when he is not burdened to put on any witness or any testimony.

"The Court:

I will sustain the objection and instruct the jury not to consider the last statement made by counsel for the State.

"Appellant's Attorney:

At this time, Your Honor, I move the Court to declare a mistrial.

"The Court:

I will overrule the objection at this time."

The appellant did not testify, but recalled the state's witness, R. H. (Bob) Martin, the injured party, as the only witness.

R. H. (Bob) Martin, the person to whom it is alleged that the appellant delivered the check, while testifying for the state, identified the appellant as the person who gave him the check in question. He further testified that at the time of the check transaction, there were two other persons with the appellant, but that the appellant was the one who gave him the check.

The two persons with the appellant at the time the check was made and passed to Martin did not testify.

The prosecuting attorney's remarks did not constitute a direct reference to the defendant's failure to testify.

 To constitute an indirect reference to the failure of the defendant to testify, the comment must be such that it cannot reasonably be applied to the failure of the accused to produce testimony other than his own. In order for the statement complained of to be construed as a comment upon the appellant's failure to testify, there must not have been anyone other than the appellant who could have refuted any of the testimony given by the state's witnesses. Other than the testimony of the appellant, it appears that the testimony of the two persons with the appellant at the time of the check transaction could have disputed the evidence of the state. 1 Branch 2d 413, Sec. 394; Mayfield v. State, 92 Tex.Cr.R. 532, 244 S.W. 819; Manning v. State, Tex.Cr.App., 393 S.W.2d 910, 911.

The argument complained of under the facts and circumstances presented does not reveal error.

The judgment is affirmed.