Perry David WADDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42494.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Camille Elliott, James P. Finstrom, Jay Mills and Kenneth Blassingame, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, life.

The sole ground urged for reversal is that the prosecutor in his closing argument to the jury commented upon the appellant's failure to testify.

The appellant did not testify.

The arguments relied upon for reversal are set out in appellant's brief. They are as follows:

"Not one witness that took that stand told you that is not the man."

"The only witness that took that stand for identification told you 'that is the man'."

"Not one witness said, that mounted that stand, told you that he was not there."

"Not one witness that testified before you told you he is not guilty. Not one. Not one that took that witness stand."

The jury argument containing that quoted above was:

"There is only one issue in this case. Let's cut all of the frosting off of it and get down to it. Is this him sitting right over here, Perry David Waddle, is that the man? Not one witness that took that stand told you that is not the man.

\*    \*    \*    \*    \*    \*

Appellant's attorney "says that it is the State's job to investigate and prove the man guilty or innocent, and I submit to you that the State has done that, proved this defendant guilty beyond any doubt, because the only witness that took that stand for identification told you, 'That is the man.' Not one witness said, that mounted that stand, told you that he was not there. Not one witness that testified before you told you he is not guilty. Not one. Not one that took that witness stand."

There were no objections to the jury argument above set out which is urged for reversal.

The testimony of the state reveals that as the assaulted party parked her car in front of the apartment house where she lived about 1:30 a. m., the robber parked his car nearby, and followed her to a landing on the stairway, where he seized her, dragged her into the yard, and took her purse and money. At this time a man on the balcony yelled and then pursued the robber as he ran from the scene but never apprehended him. The person with whom appellant was living testified that appellant told her that George Gann brought him home about 10:30 p. m., and after parking his car he "went out with the boys" (Gann and David Sharp) and returned to her house at 4 a. m.

These facts reveal two witnesses (Gann and Sharp) whose testimony could account for the appellant's whereabouts at the time of the robbery. Although the indictment was returned September 25, 1967, and the trial of the case was postponed five times before it went to trial on January 15, 1968, the appellant requested subpoena only for Gann and that was during the trial. At the Gann home, Mrs. Gann told the officer that Gann was not at home.

■ It is apparent from the record that evidence other than that of the appellant could have been available which he failed to bring before the jury.

In Glass v. State, Tex.Cr.App., 411 S.W. 2d 728, this Court said:

"To constitute an indirect reference to the failure of the defendant to testify, the comment must be such that it cannot reasonably be applied to the failure of the accused to produce testimony other than his own. In order for the statement complained of to be construed as a comment upon the appellant's failure to testify, there must not have been anyone other than the appellant who could have refuted any of the testimony given by the

state's witnesses. Other than the testimony of the appellant, it appears that the testimony of the two persons with the appellant at the time of the check transaction could have disputed the evidence of the state. 1 Branch 2d 413, Sec. 394; Mayfield v. State, 92 Tex.Cr.R. 532, 244 S.W. 819; Manning v. State, Tex.Cr. App., 393 S.W.2d 910, 911."

See also: Bass v. State, Tex.Cr.App., 427 S.W.2d 624; Suber v. State, Tex.Cr.App., 440 S.W.2d 293.

In the absence of any objection and in light of the record as presented, no error is shown. The ground of error is overruled.

The judgment is affirmed.