620

## LINK GREENWAY AND BONNIE GREENWAY V. THE STATE.

No. 18780. Delivered February 3, 1937.

The opinion states the case.

*Kirby, King & Overshiner*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Convictions for violating the liquor law; punishment, a fine of $45.00 against each appellant.

Armed with a search warrant duly issued upon affidavit before a magistrate, setting up that appellants had been and were operating an open saloon, at which place liquor made by distillation was sold and offered for sale in broken and unsealed containers,—officers went to the home of appellants, and, according. to the testimony of State witnesses, found therein whisky in both stamped and unstamped containers. Appellants objected to the testimony as to the search, and what was found as a result thereof, on the ground that under our law as now written there is no statute of this State by which authority can be given to sheriffs or their deputies, or other peace officers, to make search of premises for the purpose of detecting or punishing or bringing to justice violators of the present liquor law. It is to be regretted that we are compelled to uphold the contention made by appellants. Sec. 49 of Art. 1, Chap. 467, Acts Second Called Session, 44th Legislature,—commonly known as the *Liquor Control Act*,—expressly repealed Chap. 7, Title 11 of the Penal Code of Texas, 1925,—Art. 691 of which repealed chapter provided for search warrants in cases of alleged liquor

violations. Neither in said Liquor Control Act, supra, nor elsewhere known to us is there found authority conferred upon anyone to issue such warrants for such searches, no matter how flagrant the offense or great the necessity for such search. In Nick Plainos v. State, No. 18626, opinion handed down December 16, 1936 (page 516 of this volume), we differentiated between searches and seizures made by inspectors and officers of the Liquor Control Board and those made by other peace officers.

The only authority for the issuance of search warrants which is left, after the repeal of said Chap. 7, supra, is found in Title 6 of our C. C. P.,—Art. 305 of which lays down five instances in which a search warrant may be issued,—none of which can be construed to authorize a search warrant to search any place upon any such ground as that in such place any liquor violation exists or is being conducted. Whether the omission from the present liquor law of this State, of provisions authorizing searches and seizures in proper cases of alleged violations of the liquor law was intended or not,—is a matter upon which this court has no information; but the result is the same in either case. The search warrant and the disclosures resulting from its execution were improperly before the jury in the case at bar. There was proper objection and exception.

For the error mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*