PETE SLACK V. THE STATE.

No. 18831.   Delivered February 17, 1937.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale in a dry area, to-wit: a county in which the manufacture, sale and possession of intoxicating liquor had been prohibited by a vote of the people; punishment, a fine of $100.00.

It was admitted that Jones County had at a proper time, and in accordance with law, voted against the manufacture, sale and possession of intoxicating liquor within the boundaries of said county.   There is no dispute of the fact that on the date in question this appellant was in possession of a large quantity of intoxicating liquor in said county.   The officers, armed with a search warrant, went to his house and discovered artfully constructed places to secrete liquor, and found a quantity of whisky.   Objection was made to the search and to testimony as to what was found as a result thereof, on the ground that we have no search law in Texas at this time under the provisions of which searches can be made for violations of the so-called liquor laws.   We upheld this contention in the case of Greenway v. State, No. 18780, opinion handed down February 3, 1937 (131 Texas Crim. Rep., 620).   In said opinion we called the attention of the Legislature to the fact that there is now in Texas no law under which a search warrant may be had to search for violations of the liquor law.   We again call their attention to such fact.   Citizens of a county in which the sale of intoxicating liquor has been prohibited by local option elec-

tion are perfectly helpless in their efforts to enforce the liquor law and to detect its violations in view of the failure of the Legislature to provide some means by which search warrants may be issued and searches made for such violations. This court can do no more than call the attention of the Legislature to the lack of such law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*