Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for selling whisky without a permit; punishment, a fine of $200.

In his brief in this case appellant's counsel frankly admit and state that appellant, at the time and place involved in this prosecution, was engaged in business as a seller of beer. If such fact appeared in the record otherwise, we might uphold this conviction, upon the theory that one licensed to sell beer has accepted his authority from the State to so transact business—upon the condition that the authorities representing the Liquor Control Board of this State might examine, search, and investigate his place and the conduct thereof without necessity for a search under formalities otherwise required. See Nick Plainos v. State (Tex.Cr.App.) 100 S.W. (2d) 367, opinion handed down December 16, 1936.

We have, however, found nowhere in this record any proof either by fact statement or approved agreement that appellant was so engaged. He was charged in two counts, one with possessing whisky for sale without having obtained a permit, and in the other with the operation at 2001 Eighth avenue in Fort Worth of an open saloon, to wit, a place where distilled liquor was sold for beverage purposes by the drink; and where such liquor was sold and offered for sale in broken and unsealed containers; and where such liquor was sold and offered for sale for human consumption on the premises where sold.

A number of interesting questions are raised, but we see no good to come from an extended discussion of any of them. Appellant's bill of exceptions reveals without question or controversy that peace officers, armed with a search warrant, searched the premises in question and found a large quantity of distilled liquor and evidence that same was being sold on the premises in broken packages, which facts were put before the jury over objection. Under present laws in Texas officers have no authority or legal right to search for liquor violations under search warrant authority. The attention of the Legislature has been repeatedly called to this fact. The evidence obtained by the officers was inadmissible. It was material and pertinent. It should not have been put before the jury.

The judgment is reversed and the cause remanded.

## HUNT v. STATE.

### No. 18796.

Court of Criminal Appeals of Texas.

Feb. 17, 1937.

Joseph H. Byers, of Henderson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for assault to murder; punishment, three years in the penitentiary.

The record is here without statement of facts or bills of exceptions, and in such case this court has no option but to affirm the judgment, which is accordingly so ordered.