The judgment is reversed and the cause remanded.

## MORDECAI v. STATE.
### No. 18833.

Court of Criminal Appeals of Texas.
Feb. 24, 1937.

C. Y. Welch, of Quanah, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing whisky for the purpose of sale in local option territory, punishment being assessed at a fine of $100.

The State's testimony came from two officers who discovered the facts related by them as the result of a search under a search warrant. Objection was interposed

on the ground that under our present law —the Texas Liquor Control Act (Vernon's Ann.P.C. art. 666—1 et seq.)—no search warrant is authorized. The objection should have been sustained. The former law authorizing search warrants for liquor was specifically repealed by the Texas Liquor Control Act. See Greenway v. State (Tex.Cr.App.) 101 S.W.(2d) 569, opinion February 3, 1937; Slack v. State (Tex.Cr.App.) 102 S.W.(2d) 414, opinion February 17, 1937; Rone v. State (Tex.Cr.App.) 101 S.W.(2d) 1017, opinion February 17, 1937.

The judgment is reversed and the cause remanded.