SHORTY AUSTIN v. THE STATE.

No. 18822. Delivered March 17, 1937.

The opinion states the case.

*Early & Johnson* and *J. Edward Johnson,* of *McCartney, McCartney & Johnson,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor; the punishment, a fine of $500 and confinement in jail for 6 months.

The complaint and information charged appellant with possessing beer for the purpose of sale, it being averred that said liquor contained alcohol in excess of 4 per centum by weight. Again, there were allegations showing that an election had been held in Brown County, in which it was alleged the liquor was possessed, prohibiting the sale of intoxicating liquors.

Armed with a search warrant issued upon an affidavit showing that appellant was manufacturing and selling intoxicating liquor in his place of business, a deputy sheriff went to

said place of business, and, according to his testimony, discovered twenty-eight cans of beer in appellant's ice box. An analysis of some of the beer disclosed that its alcoholic content was more than four per cent by weight.

Appellant did not testify, and introduced no witnesses.

Appellant timely and properly objected to the testimony of the officer touching the result of the search. The objection should have been sustained. In Link Greenway and Bonnie Greenway v. The State, Opinion No. 18,780, delivered February 3, 1937 (131 Texas Crim. Rep., 620), this court used language as follows:

"The only authority for the issuance of search warrants which is left, after the repeal of said Chap. 7, supra, is found in Title 6 of our C. C. P.,—Art. 305 of which lays down five instances in which a search warrant may be issued,—none of which can be construed to authorize a search warrant to search any place upon any such ground as that in such place any liquor violation exists or is being conducted. Whether the omission, from the present liquor law of this State, of provisions authorizing searches and seizures in proper cases of alleged violations of the liquor law, was intended or not, is a matter upon which this court has no information; but the result is the same in either case. The search warrant and the disclosures resulting from its execution were improperly before the jury in the case at bar. There was proper objection and exception."

At the time of the search herein there was no statute in effect authorizing a search warrant to search for intoxicating liquor.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.