O. S. Scott v. The State.

No. 18903.    Delivered March 31, 1937.
State's Rehearing Denied May 12, 1937.

The opinion states the case.

*W. C. Dowdy,* of McKinney, for appellant.

*H. H. Neilson,* County Attorney, and *Roland Boyd, Assis*-tant County Attorney, both of McKinney, and *Lloyd W. David-son,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor, the punishment, a fine of $125.

The complaint and information charged appellant with possessing liquor containing alcohol in excess of one-half of one per cent, by volume for the purpose of sale. Again, there were allegations showing that an election had been held in Collin County, in which it was alleged the liquor was possessed, prohibiting the sale of intoxicating liquors.

Armed with a search warrant issued upon an affidavit showing that appellant was manufacturing and selling intoxicating liquor in his place of business, officers went to said place, and, according to their testimony, discovered a quantity of liquor. An analysis of some of the liquor disclosed that its alcoholic content was more than one-half of one per cent of alcohol by volume. Appellant did not testify. The officers alone gave testimony concerning the discovery of the liquor.

Appellant timely and properly objected to the testimony of the officers touching the result of the search. The objections should have been sustained. At the time of the search there was no statute in effect authorizing a search warrant to search for intoxicating liquor. Greenway et al. v. State, 101 S. W. (2d) 569.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing on the proposition, apparently, that part of the liquor found by the officers, as a result of their search of appellant's premises, was found in what they called a "house on wheels," located not far from appellant's filling station. If we understand the State's position, it is that Sec. 44, Art. 1, Chap. 467, Acts First Called Session of 44th Legislature, authorizes an officer to search an automobile being used for the purpose of transport-

ing intoxicating liquor in violation of law,—regardless of whether he has a search warrant. We might be tempted to agree to some extent with the suggestion, as a matter of law, and if this case revealed that the officer had discovered in some legitimate way that an automobile contained whisky being transported in violation of law, we would probably hold that he had the right to seize it and its contents, and make disposition of same as provided by the statute above referred to, but we have no such case here. The officers had procured a search warrant, apparently having no knowledge of the presence of any liquor in or around appellant's premises. They went to said premises, consisting of a filling station, searched same and found in it certain liquor. Appellant seems not to have been present when the officers arrived at the scene, but came later. While there one of the officers suggested that they go and search the house on wheels, same being a structure erected on part of a Ford car, which was located near the highway not far from appellant's filling station. There is nothing to suggest that this structure was being used for purposes of transportation at all. As far as we can gather from the record, it had been stationary, at the place where the officers found it, for quite a while. One Joe Neathery testified on the trial that it was his home; that he slept in it, and we see nothing connecting this appellant with said structure in any way. There is some testimony that when the officer suggested that they go and search this place, appellant said "All right, if you find anything in there it is mine," but when the officers made the search and found whisky in there appellant told them it was not his whisky, and that he had nothing to do with it. We find nothing in the statute above referred to authorizing the search of such a place as this little house on wheels, it not being an automobile engaged in the transportation of liquor. However, it not being under the control and management of appellant, the illegality of its search would appear to be a matter of which appellant could not complain. If the State was endeavoring to hold appellant to be guilty of a violation of law upon the rather flimsy proposition that he owned the liquor found in said house on wheels, we would still have to reverse the case because of the admission in evidence of the illegally obtained evidence as to what was found by the officers in appellant's filling station as a result of a search under the warrant which they had.

The State's motion for rehearing will be overruled.

*Overruled.*