## CLAUDE PRIVITT V. THE STATE.

No. 19516.   Delivered February 16, 1938.

The opinion states the case.

*Clyde Suddath,* of Henrietta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of possessing whisky in dry area for the purpose of sale and his punishment was assessed at a fine of $100.

The record shows that on the 3rd day of March, 1937, the officers, by virtue of a search warrant, searched appellant's residence and found therein under a bed, twenty pints of whisky. Appellant objected to the admission of testimony re-

lating to the search on the ground that at the time of the search of his residence, the statutes of this State did not authorize the searching of private residences for liquor, and that the evidence obtained by virtue of such a search was inadmissible. We think his position is well taken, and to support the holding we cite the cases of Greenway v. State, 101 S. W. (2d) 569; Scott v. State, 132 Texas Crim. Rep., 471. The law authorizing the issuance of a search warrant to search for intoxicating liquor went into effect on March 5, 1937. See Harlow's Session Laws of Texas, p. 463.

The city marshal, in addition to testifying to what he found as a result of the search, stated that a short time prior to the search, appellant had told him that he had twenty pints of whisky under the bed in the bedroom of his residence. It seems to be the contention of the State that this statement by the appellant was sufficient to authorize his conviction. The fact that appellant told the city marshal that he had the whisky at his home was, at best but an extrajudicial confession and standing alone was not sufficient to justify his conviction. See Dunlap v. State, 50 Texas Crim. Rep., 504; Johnson v. State, 36 S. W. (2d) 748.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.