**Thomas Earl HONEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57892.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Frank B. Murchison, court appointed, Corsicana, for appellant.

Patrick C. Batchelor, Criminal Dist. Atty., Corsicana, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment is imprisonment for ninety-nine years.

Appellant asserts that the evidence is insufficient to sustain his conviction because the State failed to prove the corpus delicti; there is a fatal variance between the allegations of the indictment and the proof; V.T. C.A. Penal Code, Sec. 29.03 is unconstitutional; appellant's confession was involuntary and was improperly admitted in evidence; the trial court's written findings of fact and conclusions of law regarding the voluntariness of the confession are insufficient; the court's charge was in error; the prosecutor improperly withheld evidence favorable to the defense; and the court should have granted appellant's motion for new trial in light of newly discovered evidence.

On the morning of January 7, 1977, the body of Fred Cornelius, the stock manager of Westbrook Farms near Corsicana, was found lying face down on the dusty floor of a barn. Cornelius' hands were bound behind his back, his feet were bound, and he was gagged. Dr. John Barnes, a pathologist, testified that Cornelius died from suffocation caused by the aspiration of vomitus into his lungs. There were dust particles in Cornelius' nose, and according to Dr. Barnes the inhalation of dust likely caused Cornelius to cough which then led to the vomiting and suffocation.

Appellant confessed to robbing Cornelius. In his confession appellant stated that he and Mike Reagan waited in the barn for Cornelius and when Cornelius entered they grabbed him, threw him down and bound and gagged him. They then took money in the amount of $1,200 from Cornelius' shirt pocket, and left.

Mrs. Willie Cornelius, the victim's wife, testified that after he got up on the morning of the offense her husband put a large roll of money in his shirt pocket. According to Mrs. Cornelius her husband customarily carried large amounts of cash totaling over $1,000 in his shirt pocket. On cross-examination by appellant's counsel Mrs. Cornelius testified that, although she could not remember if she had actually been present when her husband put the money in his pocket, she was sure he had the money because she could see the bulge in his pocket, and she could tell that it was money in his pocket. In response to continued cross-examination concerning how she knew that there was money in the pocket, Mrs. Cornelius stated ". . . the material of the shirt was very thin. I made the shirt myself, and I could see through it."

■ Appellant contends that the testimony of Mrs. Cornelius was insufficient to show that her husband was carrying any money, hence, the corpus delicti of the crime was not proved independent of appellant's confession. Appellant invites this Court to examine the shirt, which is included in the record, and determine for ourselves that the material of the pocket is too thick to see through. We decline to do so, however, because the remainder of Mrs. Cornelius' testimony was sufficient for the trier of fact to have concluded that Mr. Cornelius was carrying money on the day of the offense, prior to leaving for the barn. We leave the assessment of the credibility of Mrs. Cornelius' testimony to the jury. It was only necessary that the jury believe the deceased was carrying some money which was taken in the robbery. It was not necessary for the State to prove by Mrs. Cornelius' testimony or any other evidence the amount of money the deceased was carrying in his shirt pocket.

■ Moreover, proof of the corpus delicti need not be made independent of an extrajudicial confession. If there is some evidence corroborating the confession, the confession may be used to help establish the corpus delicti. *Valore v. State*, 545 S.W.2d 477 (Tex.Cr.App.1977); *Self v. State*, 513 S.W.2d 832 (Tex.Cr.App.1974). Appellant confessed that he bound and gagged Mr. Cornelius and took $1,200 from his shirt pocket. This evidence aided in the establishment of the corpus delicti. No error is shown.

■ Appellant contends that there is a fatal variance between the indictment and the proof at trial in that the indictment alleged that appellant caused Cornelius "serious bodily injury," and the proof showed only that appellant caused Cornelius' "death." Appellant urges that death is not a serious bodily injury. The State's proof showed that Cornelius inhaled dust which led to the aspiration of vomitus which caused his death. These physical conditions qualify as bodily injuries under V.T.C.A. Penal Code, Sec. 1.07(a)(7), and were concurrent causes of his death. "Serious bodily injury" is defined in part in Sec. 1.07(a)(34) of the penal code as "bodily injury that . . . causes death . . ." No variance exists.

■■ Appellant contends there is a fatal variance between the allegations of the indictment and the proof because the State failed to show that appellant "intentionally

and knowingly" caused serious bodily injury. Appellant points to a statement he made in his confession that he did not intend to kill the deceased. It is well settled that one who, intending to commit a felony, accidentally commits another felony, is guilty of the felony actually committed. The intent to commit the contemplated offense transfers to the offense in fact committed. See V.T.C.A. Penal Code, Sec. 6.04, which is derived from Art. 42, V.A.P.C.; *Sargent v. State*, 518 S.W.2d 807 (Tex.Cr. App.1975); *Hilliard v. State*, 513 S.W.2d 28 (Tex.Cr.App.1974). Appellant clearly intended to rob Cornelius; his acts resulted in the offense of aggravated robbery, and he is guilty of that offense. No variance exists.

Appellant contends that the State only proved that appellant acted "recklessly," or with "criminal negligence," and that a fatal variance exists for this reason. Our answer to the preceding contention answers this contention as well.

■ The indictment in this case alleged that appellant caused Cornelius serious bodily injury "by striking the said Fred Cornelius and binding his arms and legs and leaving him lying on a dusty barn floor." Appellant contends that a fatal variance exists between the indictment and proof because the proof showed that Cornelius' serious bodily injury and death resulted from being gagged, and that is not alleged in the indictment. Dr. Barnes testified that, although it was less likely, Cornelius might have died had he not been gagged, but merely bound and left on the dusty floor. Thus we cannot say that the gag was a necessary cause of Cornelius' death, and that without the gag he would have survived. Moreover, even if the gag was a cause of death, Cornelius was forced to breathe the dust from the floor only because appellant bound him and left him lying on the floor. These acts, which were alleged in the indictment, were concurrent causes of the death of Cornelius. Cornelius would not have died had appellant not done those acts. There is not a fatal variance as appellant suggests.

■ Appellant urges that Sec. 29.03 of the penal code, the aggravated robbery statute, is unconstitutional for vagueness. Generally, a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. See *McMorris v. State*, 516 S.W.2d 927 (Tex.Cr. App.1974). Sec. 29.03, supra, is not unconstitutionally vague, and this contention is without merit.

Appellant contends that his confession was involuntary. Appellant testified at a *Jackson v. Denno* hearing held prior to trial that Navarro County Deputy Sheriffs Bob Rehders and Grady McCall interrogated him, and continued their interrogation despite his request to see an attorney. Appellant further testified that the officers told him "they were going to see that I would be the first man in Navarro County since the death penalty had come back in to be burned in the electric chair." Appellant testified that the officers had Shirley Peery, whom appellant had been dating, come talk to him, and then told him they would only release her if appellant would make a statement. Finally, appellant testified that the officers told him they would talk to the District Attorney and try to make things go easier for him if he would make a statement. Appellant testified that he would not have made the statement in absence of these inducements.

Officer Rehders testified that appellant was arrested, informed of his constitutional rights, then taken to the county jail where he was read his rights again by a magistrate. When asked by the magistrate whether he understood his rights appellant replied that he did. Appellant did not request a lawyer. Rehders and McCall then read appellant his rights once more before they began questioning him. After being questioned for a while appellant told the officers he wanted to think it over, and the officers took him to a cell. When appellant was brought back to the interrogation room Peery was there, and he talked with her. Subsequently, after being read his rights again, appellant made a confession, which

was tape recorded and reduced to a written statement. Appellant read the statement and signed it in the presence of the officers.

Both officers testified that appellant never stated that he wished to see a lawyer. They also testified that appellant was not promised anything, or threatened, physically abused, or otherwise coerced into making the confession. The transcription of the tape recording, which is included in the record, reveals that at the conclusion of the taping of the statement appellant verbally acknowledged that he had not been threatened, coerced, or promised anything, and stated that the statement was made of his own free will.

McCall testified that appellant himself requested to see Peery when they told him she was at the jail. McCall denied that he told appellant they would let Peery go if appellant would confess. Both officers testified that Peery was not being held on any charges, and Peery herself testified to the same effect. She was released later that evening.

Rehders testified that he told appellant he would pass the word on to the District Attorney that appellant had cooperated, but only in connection with appellant's cooperation in the investigation of another case, and this occurred after appellant had made his confession in the instant case. Rehders acknowledged that he made a statement concerning the possibility of appellant's going to the electric chair, but testified that he was only informing appellant that the death penalty had been reinstated. Appellant was originally charged with capital murder. Rehder denied that he told appellant if he did not cooperate he would be electrocuted.

■ The officers either denied or explained each of appellant's specific assertions of improper inducement. See *Young v. State*, 547 S.W.2d 23 (Tex.Cr.App.1977); *Farr v. State*, 519 S.W.2d 876 (Tex.Cr.App. 1975). There was no evidence of any express or implied threat or promise with regard to the release of Peery. See *Roberts v. State*, 545 S.W.2d 157 (Tex.Cr.App.1977). Nor did Rehders actually threaten to do

what he could to send appellant to the electric chair if he did not cooperate or sign a confession. Contrast *Sherman v. State*, 532 S.W.2d 634 (Tex.Cr.App.1976). Appellant acknowledged at the taping session that he was making the statement of his own free will and without being improperly induced. The evidence was sufficient for the trial court at the hearing, and the jury at the trial, to have concluded, in their capacities as the triers of fact, that the statement was made voluntarily. See *Hammett v. State*, 578 S.W.2d 699 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing); *McKittrick v. State*, 541 S.W.2d 177 (Tex.Cr.App.1976); *Horne v. State*, 508 S.W.2d 643 (Tex.Cr.App.1974); *Aranda v. State*, 506 S.W.2d 221 (Tex.Cr.App.1974).

■ Appellant complains that certain portions of the confession should have been excluded from evidence. Specifically, appellant complains of hearsay statements made to appellant by codefendant Reagan, and statements concerning appellant's drinking and partying before and after the commission of the offense. Although not all the statements within the confession were based on appellant's first-hand knowledge, it is generally not required that admissions be based on first-hand knowledge. Inasmuch as he is making a statement against his interest, it is assumed the speaker has made an adequate investigation concerning the matter asserted. See McCormick, Evidence, Sec. 263, p. 632 (2d ed. 1972). The other statements complained of described what appellant was doing shortly before and after he committed the offense, and were admissible to show the complete context in which the criminal act occurred. See *Hanner v. State*, 572 S.W.2d 702 (Tex. Cr.App.1978)

■ Appellant complains that the trial court's findings of fact and conclusions of law on the voluntariness of appellant's confession were insufficient as a matter of law. We have reviewed the court's findings and conclusions, and they are commendably specific and complete. In *Sinegal v. State*, 582

S.W.2d 135 (Tex.Cr.App.1979), we held that the trial court is not required to make findings with "minute specificity," as appellant appears to suggest. See also *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App.1973) (Opinion on State's Motion for Rehearing); *Encina v. State*, 471 S.W.2d 384 (Tex.Cr.App.1971). No error is shown.

Appellant complains of the trial court's refusal to instruct the jury that appellant's confession had to be corroborated by evidence of the corpus delicti. When the corpus delicti is established by other evidence, no such charge is necessary. *Aranda v. State*, 506 S.W.2d 221 (Tex.Cr.App.1974); *Engledow v. State*, 407 S.W.2d 789 (Tex.Cr.App.1966). As previously discussed, the corpus delicti in this case was sufficiently established. No error is shown.

Appellant complains of the court's refusal to charge on circumstantial evidence. Appellant's confession supplied direct evidence that he committed the offense charged. No charge on circumstantial evidence was necessary. See *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1977); *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977); *Patterson v. State*, 416 S.W.2d 816 (Tex.Cr.App.1967).

Appellant urges that the court should have charged the jury on mistake of fact. As we have already pointed out, if, intending to commit one felony, a defendant commits another felony by mistake, he is nonetheless guilty of the felony actually committed. There is no doubt that appellant intended to rob Cornelius; no mistake of fact issue was raised. See V.T.C.A. Penal Code, Sec. 8.02.

Appellant urges that the court erred when it failed to charge the jury that unless they disbelieved the exculpatory statements in appellant's confession, they should acquit the appellant. Appellant did not request a charge to this effect, or object to the court's charge on this ground. No error is preserved.

Appellant complains of the prosecutor's failure to disclose, pursuant to appellant's motion for discovery, that Mrs. Cornelius would testify that she knew her husband was carrying a roll of money in his pocket because she was able to see through the material of his shirt pocket. This contention is without merit. The prosecutor testified on the hearing on appellant's motion for new trial that he did not know that Mrs. Cornelius would testify that she was able to see through the material. Moreover, although appellant claims he was completely surprised by the testimony, he did not claim surprise at the trial.

Finally, appellant contends that his motion for new trial was improperly denied because the shirt which Mr. Cornelius wore on the day of the offense, which was admitted in evidence at the hearing, constituted newly discovered evidence which justified a retrial. To authorize a new trial it generally must be shown that the evidence was unknown to the movant before the trial, that his failure to discover it was not due to his want of diligence, that its materiality was such as would probably bring about a different result on another trial, and, generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching. *Watkins v. State*, 438 S.W.2d 819 (Tex.Cr.App.1969); 41 Tex.Jur.2d, New Trial, Sec. 105, p. 253. Appellant's counsel knew of the shirt and its whereabouts for at least a month before trial. He talked to the prosecutor about offering it in evidence at the trial, but never made an effort to obtain possession of the shirt. Appellant's counsel did not move for a continuance during the trial. The shirt's chief evidentiary value would only have been to impeach Mrs. Cornelius' testimony. The court did not abuse its discretion in refusing to hold a new trial.

The judgment is affirmed.