NO. 07-02-0261-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 5, 2003



______________________________




PARRIS BENARD GARRISON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 45,006-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________






Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION (1)


 Following his plea of not guilty, appellant Parris Benard Garrison was convicted by
a jury of aggravated robbery and punishment was assessed at 70 years confinement and
a fine of $10,000. Presenting a sole point of error, appellant contends his conviction for
aggravated robbery was obtained via a combination of statutes which are
unconstitutionally facially vague. Based upon the rationale expressed herein, we affirm.

 Appellant does not challenge the sufficiency of the evidence; thus, only the facts
necessary to disposition of this appeal will be discussed. After engaging a street
prostitute, the victim was assaulted and robbed by appellant when he entered an
abandoned house at the direction of the prostitute. Among other things, according to the
evidence, appellant brandished a gun and then inflicted a three inch cut on the victim's
elbow with a knife as the victim was attempting to defend himself. 

 Appellant summarizes his argument as follows: "the statutes elevating robbery to
aggravated robbery via the use or exhibition of a 'deadly weapon' do not give the person
of ordinary intelligence sufficient information to determine what the aggravated robbery
provision prohibits." We disagree.

 Appellant focuses his argument on section 29.03(a) of the Texas Penal Code
arguing that it requires proof of robbery while causing "serious bodily injury" using or
exhibiting a deadly weapon. Generally, a statute is void for vagueness if it fails to give a
person of ordinary intelligence fair notice that his contemplated conduct is forbidden. 
McMorris v. State, 516 S.W.2d 927, 929 (Tex.Cr.App. 1974). In overruling a challenge
similar to appellant's, the Court held that section 29.03 is not unconstitutionally vague. 
Honea v. State, 585 S.W.2d 681, 685 (Tex.Cr.App. [Panel Op.] 1989). Because the
current version of section 29.03(a)(1) and (2) is identical to the former version of section
29.03(a)(1) and (2), Honea is controlling. (2) 

 Moreover, because appellant must demonstrate that in its operation the statute is
unconstitutional as applied to him under the facts of this case, and not others, we are not
concerned with hypothetical propositions, but instead need only to determine whether the
statute is unconstitutionally vague considering the record evidence. See Bynum v. State,
767 S.W.2d 769, 774 (Tex.Cr.App. 1989) (en banc) (holding that where no First
Amendment rights are involved, the court need only determine whether the statute is
unconstitutionally vague as applied to the challenging party's conduct). The jury found
appellant guilty of committing theft of property and in the course of the crime, intentionally
or knowingly causing bodily injury to the victim by cutting the victim and then and there
using or exhibiting a deadly weapon, to-wit: a knife, that in the manner of its use or
intended use was capable of causing death or serious bodily injury. Appellant addresses
the manner of use of the knife and argues the victim testified he "swung" the knife trying
to stab the victim, while another witness testified that appellant used the knife to "jab" at
the victim. Whether the thrust of the knife that caused a three inch wound was best
described as a jab, stab, or swing of the arm and hand is not controlling because the effect
was the same. Thus, we conclude the statute is not unconstitutionally vague considering
the evidence before us. Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. See Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883,
926.



. As far as the Defendant's actions that you've spoken of the way he was 
- - was - - the way he was driving, let me ask you if you were to have ticketed 
- - given him a citation for his driving behavior, what tickets would you have
given him?


 A. I issued him a citation for making a wide right-hand turn, for driving on
the wrong side of the road, for failure to control speed. 


 Q. And did you give Mr. Martin any of those citations?


 A. No, ma'am, I did not.


 Q. And why did you not?


 A. I arrested him for driving while intoxicated. 


 Q. And is it within your discretion to decide whether or not to give a - - to
give a ticket as well as arrest him for DWI?


 A. Yes, Ma'am.


 Q. Let me just ask you, just to clarify, would you say that the Defendant was
driving at a speed that was greater than reasonable?


 A. Yes, ma'am.


 Q. Given the circumstances?


 A. Yes, ma'am.


 Q. And what was your fear, what was - - what - - what were you thinking
when you stopped him?


 A. I thought he was running from someone as fast as he was going. I mean,
he was going considerably fast, and making unusually wide and sharp fast
turns and it was just - - I thought he was running from somebody when I first
spotted him. 


 Q. How would you describe his driving?


 A. Reckless. 

 

 Appellant argues that the first alleged violation was impossible because South Pine
Street in Slaton does not intersect with West Geneva Street. Thus, appellant could not
have made the alleged right hand turn from the 900 block of South Pine Street to the 100
block of West Geneva as he testified. Further, he asserts, because an officer "employed
in a small town for three years would have great familiarity with street names and block
numbers," the officer's confusion raises "serious questions of credibility as to the officer's
testimony." 

 Even if we believe that the officer actually saw the vehicle turn as he claims to have
done, appellant alleges that the State has still failed to meet its burden of proof because
the street did not have divider lines, the officer could not specifically state how close
appellant came to the curb on his right turn, it was 11:30 p.m. and thus dark at the time the
officer observed the vehicle, the officer observed the vehicle from three blocks away, he
had no radar and could only estimate that appellant was traveling 40 m.p.h. at the time of
the turn, and it is unlikely that a pickup truck could make a 90 degree turn traveling 40
m.p.h. Therefore, he reasons, the officer failed to state reasons from which an assumption
can be made that section 545.101 of the Transportation Code, which requires a right hand
turn be made as close as practical to the right hand curb or the edge of the roadway, had
been violated. 

 The State is not required to prove that a defendant actually violated a traffic law in
order to justify a stop, but only need elicit testimony that the officer knew sufficient facts
to reasonably suspect he had violated a traffic law. McQuarters v. State, 58 S.W.3d 250,
255 (Tex.App.--Fort Worth 2001, pet. ref'd); Texas Dept. of Public Safety v. Fisher, 56
S.W.3d 159, 163 (Tex.App.--Dallas 2001, no pet.). The determination is based on the
totality of the circumstances, and there is no requirement that a particular statute be
violated to give rise to reasonable suspicion. Texas Dept. of Public Safety v. Bell, 11
S.W.3d 282, 284 (Tex.App.--San Antonio 1999, no pet.). In this instance, one of the
statutes in question provides that to "make a right turn at an intersection, an operator shall
make both the approach and the turn as closely as practicable to the right-hand curb or
edge of the roadway." Tex. Transp. Code Ann. § 545.101(a) (Vernon 1999). 

 In support of appellant's proposition that sufficient facts did not exist for Officer
Collins to have stopped him, he relies on our prior decision in Richardson v. State, 39
S.W.3d 634 (Tex.App.--Amarillo 2000, no pet.). In that case, we noted that the officer did
not give consistent testimony as to why he stopped the defendant. On direct examination,
he stated that he stopped the defendant for impeding traffic and, on cross-examination, he
stated that he believed the driver was intoxicated. Id. at 638. We found the evidence
insufficient to support a reasonable suspicion that the defendant was impeding traffic
because there was no minimum speed established for that particular highway, there was
little or no traffic on the road for the defendant to impede and what traffic existed had no
trouble passing. Id. at 638-39. Further, there was evidence that the defendant was
traveling only 10 m.p.h. under the speed limit, which the officer stated would not have
posed a safety problem. Id. at 639. We also found that merely traveling under the speed
limit did not justify an investigatory stop for driving while intoxicated. Id. at 640.

 In contrast, Officer Collins was consistent in his testimony as to the reasons he
stopped appellant. Appellant was driving over the speed limit and made a wide right turn. 
 The officer testified that he cited appellant for a wide right turn, for driving on the wrong
side of the road, and for failure to control his speed, although he did not actually give the
citations to appellant. Even though Officer Collins did not have a radar gun, he stated that
he was driving the 30 m.p.h. speed limit and that appellant was traveling at a faster speed,
which he estimated to be 40 m.p.h. He also stated that the right hand turn made by
appellant was wide enough that appellant was close to the left hand curb. We believe the
officer had articulable facts from which he could reasonably believe that a traffic violation
had occurred.

 Further, on cross-examination, the officer testified that appellant was driving on
Ninth Street headed north, instead of on Pine Street as he had previously testified when
he first observed him. The fact that it might have been dark, Collins may have observed
the turn from three blocks away and whether a pickup truck could negotiate a turn at 40
m.p.h. are matters that affect the credibility of the testimony. Any inconsistencies in the
testimony as to the location of the vehicles, the street names and any questions as to the
officer's credibility are to be resolved by the trial court, and we must defer to its
consideration of those issues, which the court obviously found in favor of the officer. 

 Appellant also argues that the second turn made from West Geneva onto South
Eighth Street failed to meet the applicable standard of review. Although Officer Collins
stated that the turn was wide, he admitted that it was not an illegal turn. Nevertheless, we
have already found he was justified in stopping appellant based on an illegal right turn
onto West Geneva Street. Finding no abuse of discretion on the part of the trial court in
denying the motion to suppress, we affirm the judgment of the trial court.


 John T. Boyd

 Senior Justice


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.