NO. 07-02-0261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 5, 2003

_____

PARRIS BENARD GARRISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,006-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Following his plea of not guilty, appellant Parris Benard Garrison was convicted by

a jury of aggravated robbery and punishment was assessed at 70 years confinement and

_____

[1]Tex. R. App. P. 47.2(a).

a fine of $10,000. Presenting a sole point of error, appellant contends his conviction for aggravated robbery was obtained via a combination of statutes which are unconstitutionally facially vague. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence; thus, only the facts necessary to disposition of this appeal will be discussed. After engaging a street prostitute, the victim was assaulted and robbed by appellant when he entered an abandoned house at the direction of the prostitute. Among other things, according to the evidence, appellant brandished a gun and then inflicted a three inch cut on the victim's elbow with a knife as the victim was attempting to defend himself.

Appellant summarizes his argument as follows: "the statutes elevating robbery to aggravated robbery via the use or exhibition of a 'deadly weapon' do not give the person of ordinary intelligence sufficient information to determine what the aggravated robbery provision prohibits." We disagree.

Appellant focuses his argument on section 29.03(a) of the Texas Penal Code arguing that it requires proof of robbery while causing "serious bodily injury" using or exhibiting a deadly weapon. Generally, a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. McMorris v. State, 516 S.W.2d 927, 929 (Tex.Cr.App. 1974). In overruling a challenge similar to appellant's, the Court held that section 29.03 is not unconstitutionally vague.

Honea v. State, 585 S.W.2d 681, 685 (Tex.Cr.App. [Panel Op.] 1989). Because the current version of section 29.03(a)(1) and (2) is identical to the former version of section 29.03(a)(1) and (2), *Honea* is controlling.[2]

Moreover, because appellant must demonstrate that in its operation the statute is unconstitutional as applied to him under the facts of this case, and not others, we are not concerned with hypothetical propositions, but instead need only to determine whether the statute is unconstitutionally vague considering the record evidence. *See* Bynum v. State, 767 S.W.2d 769, 774 (Tex.Cr.App. 1989) (en banc) (holding that where no First Amendment rights are involved, the court need only determine whether the statute is unconstitutionally vague as applied to the challenging party's conduct). The jury found appellant guilty of committing theft of property and in the course of the crime, intentionally or knowingly causing bodily injury to the victim by cutting the victim and then and there using or exhibiting a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury. Appellant addresses the manner of use of the knife and argues the victim testified he "swung" the knife trying to stab the victim, while another witness testified that appellant used the knife to "jab" at the victim. Whether the thrust of the knife that caused a three inch wound was best described as a jab, stab, or swing of the arm and hand is not controlling because the effect

---

[2]*See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 926.

was the same.  Thus, we conclude the statute is not unconstitutionally vague considering the evidence before us.  Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.