In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00063-CR
______________________________


GARY WAYNE STRICKLAND, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21,449


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Gary Wayne Strickland appeals his conviction for aggravated assault with a deadly weapon. 
A Hunt County jury found Strickland guilty of attacking David Nicholson with a brick. The jury
recommended a sentence of twelve years, and the trial court sentenced Strickland in accordance with
the jury's verdict. 
            On appeal, Strickland contends, first, that the trial court erred in denying Strickland's request
for a new trial and, second, that he received ineffective assistance of counsel from his trial counsel. 
Finding no merit to these points, we affirm the trial court's judgment. 
            As the sufficiency of the evidence is not questioned, only a brief overview of the facts in this
case is necessary. Nicholson testified he was gathering tools from his wife's van, which was parked
in front of an acquaintance's house. The house was across the street from Strickland's. Nicholson
said he was kneeling or crouching down when he was hit from above on his head. Nicholson was
hit two or three more times in the head and face. At one point, he was able to see his attacker,
Strickland, smashing him in the face with a piece of brick or cinder block. Nicholson's wife



testified she came out of the house and jumped on Strickland's back, trying to get him to stop
attacking Nicholson. The investigating officer testified Nicholson exhibited several wounds, which
required medical attention. The officer stated that Nicholson had blood on his face and mouth, and
that he administered first aid and called for an ambulance. Although Nicholson did not lose
consciousness, communication was difficult and Nicholson was "out of it." Nicholson and his wife
both told the officer that Strickland had attacked Nicholson. Nicholson said Strickland had accused
him of stealing from Strickland. Nicholson testified he declined to go to the hospital after the attack,
but did go later that night when he started blacking out. 
            Strickland testified he approached Nicholson regarding a tool Strickland contended
Nicholson had stolen from him. Strickland said Nicholson stood up with a baseball bat, and, in self
defense, he hit Nicholson in the mouth. According to Strickland, the two fought for as long as
twenty minutes. Strickland said that he was injured in the fight and that his eyebrow was torn off
and he suffered cuts. He said his friend, Anne Renee McDonald, came to his house after the fight
and administered first aid, including binding his cuts with "Crazy Glue" and treating his wounds with
peroxide. However, when McDonald testified, she denied administering such first aid and said that
Strickland was not seriously injured. She said she saw no blood on Strickland and his eyebrows
"looked fine." 
Trial Court Within Its Discretion To Overrule Motion for New Trial
            Strickland claims the trial court erred in overruling his motion for new trial. At the hearing
on that motion, Strickland presented the testimony of four witnesses, none of whom claimed to have
witnessed the attack by Strickland on Nicholson. These witnesses generally said that they believed
Nicholson had stolen tools from Strickland, that Nicholson had admitted taking tools from
Strickland, and that Nicholson had told different renditions of the event immediately after the fight
and after returning from the hospital the night of the fight. 
            Strickland does not contend these witnesses' testimony is newly discovered evidence. He
stated at the hearing on the motion for new trial that these witnesses were known to him, his trial
attorney, and his trial investigator. 
            The granting or denying of a motion for new trial lies within the discretion of the trial court. 
We do not substitute our judgment for that of the trial court, but rather decide whether the trial
court's decision was arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995); State v. Gonzalez, 855 S.W.2d 692, 695 n.4 (Tex. Crim. App. 1993). An appellate court, in
reviewing a trial court's ruling on a motion for new trial, should apply a deferential standard of
review to the trial court's resolution of the historical facts, and may rely on implied findings of fact
that are supported by the record to uphold the trial court's ruling, even where the trial court was not
faced with expressly conflicting affidavits or testimony. Charles v. State, 146 S.W.3d 204, 206
(Tex. Crim. App. 2004). A trial court abuses its discretion in denying a motion for new trial only
when no reasonable view of the record could support the trial court's ruling. Id. at 208. 
            Strickland knew, at the time of his trial, of the four witnesses presented at the motion for new
trial, and stated his attorney was also aware of them. To authorize a new trial, it generally must be
shown that the evidence presented at the motion for new trial was unknown to the defendant before
the original trial. Drew v. State, 743 S.W.2d 207, 227 (Tex. Crim. App. 1987);


 Honea v. State, 585
S.W.2d 681, 687 (Tex. Crim. App. [Panel Op.] 1979). Strickland does not assert that the jury was
misinstructed, that one of his witnesses was prevented from testifying by force, that evidence was
destroyed, or any of the suggested grounds for new trial exist. See Tex. R. App. P. 21.3.


 Nor does
he direct us to any other authority under which it can be said the trial court abused its discretion in
denying the motion. At the hearing on a motion for new trial, the trial court is the trier of fact and
the sole judge of the witnesses' credibility. Woodall v. State, 77 S.W.3d 388, 393 (Tex. App.—Fort
Worth 2002, pet. ref'd). After reviewing the record of testimony adduced at the hearing on the
motion for new trial and the trial record, we cannot say the trial court abused its discretion in
overruling the motion. Strickland's first point of error is overruled. 
Inadequate Record To Find Trial Counsel Ineffective
            Strickland next asserts that his trial counsel was constitutionally ineffective for failing to
present testimony of the witnesses presented at the hearing on the motion for new trial. The standard
for assessing such a claim is well established. See Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective
assistance of counsel, an appellant must, by a preponderance of the evidence, prove that (1) trial
counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient
representation prejudiced the appellant's defense. Strickland, 466 U.S. at 688; Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). The appellant must show that the trial attorney's
representation fell below the standard of prevailing professional norms and that there is a reasonable
probability that, but for the attorney's deficiency, the result of the trial would have been different. 
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). In other words, the appellant must prove
counsel's representation so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. If, however, "there
is at least the possibility that the conduct could have been legitimate trial strategy," then the
reviewing court must "defer to counsel's decisions and deny relief on an ineffective assistance claim
on direct appeal." Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003) (citing Ortiz v.
State, 93 S.W.3d 79, 88 (Tex. Crim. App. 2002)). 
            Further, ineffective assistance of counsel claims "must be firmly founded in the record." 
Thompson v. State, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Although Strickland here
brought evidence before the trial court in support of his motion for new trial, he did not secure
testimony from his trial counsel. Such evidence is important, in a case such as this, to evaluate a trial
attorney's strategy and motivation for doing things the way he or she did. We presume counsel had
a valid strategy, and our review of the record reveals aggressive, pertinent cross-examinations of the
State's witnesses. It must be noted though, that, after Strickland testified, the defense called
McDonald, who had been at Strickland's house the day of the attack. Strickland testified that, after
a long fight with Nicholson, he suffered injuries such as cuts to his hands and eyebrow. After the
fight, Strickland went across the street to his house, McDonald accompanied him (according to
Strickland), and tended to his wounds. This included treating him with peroxide and applying
"Crazy Glue" to cuts on his hands and eyebrow. However, when McDonald took the stand, she
denied administering such first aid, stating that Strickland had no blood on him and that his eyebrow
looked fine. 
            We have nothing before us indicating the motivation for trial counsel's action or failure to
call certain other witnesses. We do note that he told the trial court he did have other witnesses
coming. As noted above, the testimony of McDonald contradicted that of Strickland. The record
on direct appeal is not sufficient to show that counsel's representation was so deficient and so lacking
in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was
reasonable and professional. See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). After
McDonald contradicted Strickland's account of his injuries and treatment of them, it is possible that
trial counsel was wary of presenting other witnesses who might further contradict Strickland's
testimony. Strickland has not overcome the presumption that his trial counsel had a reasonable
strategy with which he defended his client. The threshold of Strickland has not been crossed, and
we overrule this point of error.
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 18, 2004
Date Decided:             March 28, 2005

Do Not Publish