

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,433-01

**EX PARTE ANDREW LEWIS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2016-0335-A IN THE 217TH/159TH DISTRICT COURT
## FROM ANGELINA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of two counts of reckless injury to a child causing serious bodily injury and one count of intentional or knowing injury to a child causing serious bodily injury. The Twelfth Court of Appeals affirmed his conviction. *Lewis v. State,* No. 12-16-00319-CR (Tex. App.–Tyler Sept. 6, 2017, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial court held a hearing and adopted Applicant's proposed findings of fact and conclusions of law. The court found that, with respect to the third count, Applicant's claims of ineffective assistance of trial counsel had merit and recommended granting a new trial. We disagree.

On post-conviction review of habeas corpus applications, the convicting court is the "original factfinder" and this Court is the "ultimate factfinder." *Ex parte Storey,* 584 S.W.3d 437, 439 (Tex. Crim. App. 2019). In most circumstances, we defer to the trial judge's findings of fact because the judge is in the best position to assess witnesses' credibility. *Ex parte Thuesen,* 546 S.W.3d 145, 157 (Tex. Crim. App. 2017). However, if our independent review of the record reveals circumstances that contradict or undermine the trial judge's findings, we may exercise our authority to enter contrary findings and conclusions. *Storey,* 584 S.W.3d at 440. We review *de novo* conclusions of law. *Ex parte Weinstein,* 421 S.W.3d 656, 664 (Tex. Crim. App. 2014).

Applicant contends in relevant part that defense counsel failed to obtain a doctor's assistance to review the child's medical records, help counsel prepare for cross-examination, or testify. As a result, counsel failed to impeach the State's doctors with evidence in the hospital records that contradicted their testimony. The trial court finds and concludes that no reasonable trial strategy could justify defense counsel's omission in failing to call a pediatrician or radiologist to impeach the State's doctors' testimony.

However, Applicant has not shown prejudice. Both State's doctors testified at trial that the child's "shrill cry," loss of alertness, and going limp while in Applicant's care would have immediately followed the infliction of a brain injury. The swelling on the child's forehead originated shortly before the child went to the hospital because swelling appears quickly and subsides quickly. Applicant's doctors who testified at the habeas hearing did not contradict this testimony.

Applicant also asserts that defense counsel should have obtained school and medical records showing that, contrary to the State's doctor's "grim prognosis," the child "had no medical problems" and was doing well. Applicant neglects to mention that the medical records admitted into evidence at trial showed that in June 2014, a medical report concluded the child had "Mild left sided lower

extremity hypertonicity most likely sequilae of the head trauma. But expect to have minimal impact of mobility and ambulation." And in April 2015, a doctor noted that the child's "exam was notable for increased left sided tone predominantly in the leg that is most likely sequilae of the head trauma. Based on her exam findings she has a handcapping condition diagnosed as spastic monoplegic cerebral palsy." 1 WRIT .pdf 191. An EMT who he responded to the 9-1-1 call noted that "all her movements tracked to the left side," which he explained indicated a brain injury. 1 WRIT .pdf 96.

Defense counsel acknowledged in the habeas proceedings that a medical expert would have been helpful. But he also stated that at trial, he was focused on the identity of the abuser. He believed the jury would conclude that someone caused "serious bodily injury by criminal means," to the child, so he wanted to create doubt that the abuser was Applicant.

In light of the symptoms described at trial by Applicant, the child's grandfather, and the EMT – plus the reports of subdural bleeding, the 2014 report of a condition likely related to head trauma, and the 2015 report of spastic monoplegic cerebral palsy likely resulting from the head injury – it is unlikely that a defense doctor's testimony such as Applicant describes, or a cross-examination informed by consulting with a doctor, would have affected the result. *See* TEX. PENAL CODE § 6.04; *Honea v. State,* 585 S.W.2d 681, 685 (Tex. Crim. App. 1979) (overruled on other grounds in *Thompson v. State,* 236 S.W.3d 787, 800 (Tex. Crim. App. 2007).

Therefore, Applicant has not established ineffective assistance of trial counsel for failing to obtain the assistance of a doctor. *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).

Applicant's remaining allegations are without merit.

Relief is denied.

Filed: February 1, 2023
Do not publish